705 P.2d 1071

**RUDY–MAI FARMS, a partnership, Rio Vista Farms, a partnership, Tuana Farms, a partnership, Tuana Storage, a partnership, Plaintiffs-Appellants,**

**v.**

**Perc PETERSON, DBA Perc Peterson Construction, and Warm Springs Enterprises, Inc., an Idaho Corporation, and Richard Rost, DBA Rost Pyrocreting and Procreting Carboline, Inc., Defendants-Respondents.**

**No. 15581.**

Court of Appeals of Idaho.

Sept. 5, 1985.

Kevin F. Trainor, Doerr & Trainor, Twin Falls, and Robert Korb, III, (argued), Kneeland, Laggis, Korb, Collier, Benjamin & Russell, Ketchum, for plaintiffs-appellants.

Paul M. Beeks, Smith & Beeks, Twin Falls, for respondent Peterson. Severt Swenson, Jr., Gooding, for respondent Rost.

Stephen J. McGrath (argued), and William R. Dalling, St. Clair, Hiller, Wood & McGrath, Chartered, Idaho Falls, for respondent Carboline.

Kathryn A. Sticklen and Sidney D. Brown, Quane, Smith, Howard & Hull, Boise, for respondent Warm Springs Enterprises.

BURNETT, Judge.

In 1978 Rudy-Mai Farms and other appellants shown filed this suit against the respondents Peterson and Rost, together with corporate enterprises operated by them. The complaint sought compensation for damage to stored potatoes allegedly caused when a product known as pyrocrete was sprayed on the walls of the storage facilities. In 1984 the district court dismissed this action with prejudice under I.R.C.P. 41(b), for lack of prosecution. On appeal the sole issue is whether the judge abused his discretion in doing so.

The record reflects the following case history. After the complaint was filed, the respondents answered, filed cross-claims and submitted interrogatories to the appellants. The appellants failed to reply to the interrogatories. On October 30, 1978, the court ordered compliance with discovery. The interrogatories were answered during December, 1978, and January, 1979. A

deposition was taken by the respondents in May, 1981. No further action is reflected by the record until October 13, 1982, when appellants received notice from the clerk of the court that their complaint would be dismissed "unless a showing of good cause for retention as an active case is made...." Appellants' attorney filed an affidavit averring that settlement negotiations were in process and that if a settlement were not reached "within the next six to eight weeks," a Note of Issue would be filed. The court retained the case on its calendar.

On February 16, 1984, a second notice was sent to the appellants by the clerk. Appellants' counsel submitted another affidavit, reciting that efforts had been made to settle the case and saying that a Note of Issue would be filed if there were no settlement. Counsel for each respondent then filed a motion for involuntary dismissal under I.R.C.P. 41(b). Affidavits in support of these motions stated that there had been no contact with appellants' counsel since June, 1981. In response, Tom Rudy, a partner in Rudy-Mai Farms, filed an affidavit simply explaining why, in his view, the claim against respondents was meritorious. After a hearing, the district court granted the respondents' motion to dismiss.

Rule 41(b), I.R.C.P., provides in pertinent part as follows:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of the court a defendant may move for dismissal of an action or of any claim against him.... If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a). Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision ... operates as an adjudication upon the merits.

In *Jensen v. Doherty*, 101 Idaho 910, 911, 623 P.2d 1287, 1288 (1981), our Supreme Court articulated the purpose of dismissal under Rule 41(b):

> Involuntary dismissal under I.R.C.P. 41(b) for failure to prosecute is in the nature of a sanction. It is a necessary final recourse available to the court to protect its processes and other litigants from abuse. It is a remedy to be sparingly used, but it is always available.

*See, e.g.,* 9 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, CIVIL § 2370 (1971).

More recently, in *Bartlett v. Peak*, 107 Idaho 284, 688 P.2d 1189 (1984), the Court enunciated guidelines to be employed when dismissing an action under I.R.C.P. 41(b). A judge should consider the length of delay occasioned by the failure to prosecute; the justification, if any, for such delay; and the resultant prejudice. This balancing decision is a discretionary function and the judge's decision will not be overturned on appeal absent an abuse of discretion. *Jensen v. Doherty, supra; Kirkham v. 4.60 Acres of Land,* 100 Idaho 781, 605 P.2d 959 (1980). Here, the appellants, who are now represented by counsel different from the attorney who represented them at the outset of the case, urge that discretion was abused because the *Bartlett* criteria were not satisfied and because the judge stated no reasons for his decision. We disagree.

The record in this case is a testament to delay. The case had been pending approximately six years when it was dismissed. The only justification offered for such delay was the controverted averment by appellants' attorney that settlement negotiations were pending. Settlement negotiations may temporarily excuse a plaintiff's failure to prosecute his claim; but when the negotiations have become dormant, or if excessive time has elapsed without result, prosecution must resume. *Coutts v. Crider,* 549 P.2d 1019 (Kan.1976). Prejudice may be presumed to flow from unexcused and unreasonable delay. *Alexander v. Pacific Maritime Association,* 434 F.2d 281 (9th Cir.1970), *cert. denied,* 401 U.S. 1009, 91 S.Ct. 1254, 28 L.Ed.2d 545 (1971). Prejudice in this case also is demonstrated by unrefuted statements in the respondents' affidavits that witnesses had become difficult to locate and that the wit-

nesses were unable to recall pertinent facts.

 In *Viehweg v. Thompson*, 103 Idaho 265, 269, 647 P.2d 311, 315 (Ct.App.1982), we observed:

> The days are over—if indeed they ever existed—when litigants and their attorneys could dictate the pace of the judicial process. A well-founded public outcry over delay in the administration of justice now requires that judges of all levels play an active role in managing their calendars.

We believe the dismissal of this case was consistent with the *Bartlett* criteria and represented an appropriate exercise of the judge's control over the court's calendar.

It is true, as the appellants have noted, that the judge omitted to state reasons for his decision. And it is true that Rule 41(b), on its face, requires that when a dismissal operates as an adjudication on the merits, the court must "make findings as provided in Rule 52(a)." However, the federal counterpart to Rule 41(b) has been construed not to require findings when dismissal is for want of prosecution. *Esteva v. House of Seagram, Inc.*, 314 F.2d 827 (7th Cir. 1963), *cert. denied*, 375 U.S. 826, 84 S.Ct. 70, 11 L.Ed.2d 59 (1963). Nevertheless, we agree that in many instances, a set of findings or other explanation of the judge's decision would be salutary. Indeed, we have said that "adjudicative discretion—discretion which determines or directly affects the outcome of litigation—demands a reasoned explanation." *Bailey v. Bailey*, 107 Idaho 324, 329, 689 P.2d 216, 221 (Ct. App.1984). *See also Sheets v. Agro-West, Inc.*, 104 Idaho 880, 887, 664 P.2d 787, 794 (Ct.App.1983) (specially concurring opinion joined by all members of the Court). However, failure to state reasons is not fatal if "those reasons are obvious from the record itself." *Sheets*, 104 Idaho at 888, 664 P.2d at 795. Here, the grounds for dismissal, outlined in today's opinion, are obvious. We conclude that failure to state reasons in this case does not require the judge's order of dismissal to be set aside.

 The respondents have requested awards of attorney fees on appeal, under I.C. § 12–121. An award under this statute will not be made unless we are left with the abiding belief that the appeal was brought or pursued frivolously, unreasonably or without foundation. *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 591 P.2d 1078 (1979). Although we have held against the appellants, we do not believe this appeal falls within the *Minich* category.

The order of the district court, dismissing the action, is affirmed. Costs, exclusive of attorney fees, to respondents.

WALTERS, C.J., and SWANSTROM, J., concur.