727 P.2d 1250

**Mildred E. NAGEL, Plaintiff-Appellant,**

**v.**

**David Bruce WAGERS, an individual; and John and Jane Doe Wagers, husband and wife, Defendants-Respondents.**

**No. 16197.**

Court of Appeals of Idaho.

Oct. 20, 1986.

Richard E. Weston, Weston & Richardson, Boise, for plaintiff-appellant.

David Cantrill and Robert D. Lewis (argued), Cantrill, Skinner, Sullivan & King, Boise, for defendants-respondents.

BURNETT, Judge.

We are asked to decide whether a district judge abused his discretion by dismissing a civil action for lack of prosecution. We hold that he did not.

The pertinent facts are undisputed. Mildred Nagel suffered an injury to her knee during a two-car collision on or about October 19, 1981. The other driver, David B. Wagers, appeared to be at fault. Mrs. Nagel and her attorney contacted Wagers' insurance company. Settlements were reached on Nagel's claims for property damage and for temporary loss of the use of her automobile. However, her claim for personal injury was not settled.

While the personal injury claim was still outstanding, Nagel's attorney died. On October 11, 1983, another attorney in the same law firm filed a complaint on Nagel's behalf. The complaint sought damages from Wagers and from owners of the vehicle Wagers had been driving when the accident occurred. No summons was issued upon the complaint. Rather, the attorney then representing Nagel merely sent a letter to Wagers' insurance adjuster, stating that the complaint had been filed to prevent a two-year statute of limitation from running. The letter urged settlement "prior to having [the complaint] served on your insured."

The record does not show whether any negotiations ensued. We know only that the litigation became dormant for a year until October, 1984. Nagel then consulted another attorney, who entered no appearance and took no action on the case. The lawsuit continued its slumber until May 8, 1985. On that date, nineteen months after the complaint had been filed, yet another attorney—Nagel's present counsel—appeared for her and filed an amended complaint. This pleading was identical to the original complaint except that it sought greater damages. A summons was issued on the amended complaint, and process was served. The defendants moved to quash service and to dismiss the case for lack of prosecution. The court granted the motion for dismissal. This appeal followed.

Rule 41(b), I.R.C.P., provides in pertinent part that "[f]or failure of the plaintiff to prosecute ... a defendant may move for dismissal of an action or any claim against him." Such a dismissal "operates as an adjudication upon the merits." The rule imposes upon plaintiffs an affirmative duty to seek prompt adjudication of their claims. *E.g., Warden v. Lathan,* 96 Idaho 34, 524 P.2d 162 (1974). In our view, this duty is grounded in the recognition that filing a lawsuit is a solemn event. It subjects other parties to the burden of confronting adverse allegations in a public forum, and it commits finite judicial resources to the task of resolving the dispute presented. If a suit is worth filing, it should be worth prosecuting diligently.

When asked to dismiss an action for lack of prosecution under Rule 41(b), a judge must consider "the length of delay occasioned by the failure to prosecute; the justification, if any, for such delay; and the resultant prejudice." *Rudy-Mai Farms v. Peterson,* 109 Idaho 116, 118, 705 P.2d 1071, 1073 (Ct.App.1985). *See also Bartlett v. Peak,* 107 Idaho 284, 688 P.2d 1189 (1984). Balancing these factors is a discretionary function. The judge's ruling will not be overturned on appeal unless discretion has been abused. *Ellis v. Twin Falls Canal Co.,* 109 Idaho 910, 712 P.2d 611 (1985).

In this case, the dormant period of nineteen months was sufficient to invoke Rule 41(b). *See, e.g., Jensen v. Doherty,* 101 Idaho 910, 623 P.2d 1287 (1981) (applying rule to a period of delay slightly exceeding one year); *cf. Kirkham v. 4.60 Acres,* 100 Idaho 781, 605 P.2d 959 (1980) (upholding dismissal under I.R.C.P. 40(c) for delay of twenty-one months). Indeed, the present action might well have been dismissed for failure to request issuance of a summons within one year of filing the complaint, as contemplated by I.R.C.P. 4(a). *See Werner Piano Co. v. Baker,* 35 Idaho 496, 207 P. 588 (1922). Moreover, the nineteen-month delay exceeded the entire period of 540 days now prescribed by our Supreme Court as a time standard for disposing of civil suits filed in district court. *See* Order, "In re Time Standards for Case Processing" (Idaho Supreme Court, Oct. 3, 1984).

None of this delay has been satisfactorily explained by Nagel or her attorneys. As noted earlier, the record discloses no significant activity during the nineteen-month period. Lacking justification for the delay, Nagel's present attorney has argued that the case should not have been dismissed because the defendants showed no resultant prejudice. This argument misperceives the burden of producing evidence on the issue of prejudice. As we noted in *Rudy-Mai Farms,* "[p]rejudice may be presumed to flow from unexcused and unreasonable delay." 109 Idaho at 118, 705 P.2d at 1073. A similar presumption attaches to unreasonable delay under the federal counterpart to Rule 41(b). In *Anderson v. Air West, Inc.,* 542 F.2d 522, 524 (9th Cir.1976), the Ninth Circuit stated:

> [T]he failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure.... The law presumes injury from unreasonable delay.... However, this presumption of prejudice is a rebuttable one and if there is a showing that no actual prejudice occurred, that factor should be considered when determining

whether the trial court exercised sound discretion. [Citations omitted.]

Here, Nagel has not undertaken to rebut the presumption of prejudice.

In a comprehensive memorandum opinion, the district judge fully explained his reasons for dismissing the action. His analysis employed the balancing factors identified in our opinion today. Although we are mindful that dismissal is a severe sanction, we conclude that the judge did not abuse his discretion. The order dismissing this case under Rule 41(b) is affirmed.

The respondents have requested attorney fees on appeal under I.C. § 12-121. An award under the statute will be made if we are left with the abiding belief that the appeal was brought or pursued frivolously, unreasonably or without foundation. *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 591 P.2d 1078 (1979). In this case, Nagel's dissatisfaction with the district court's order is understandable. But her appeal has not raised a genuine issue as to the legal standards governing the district judge's discretion. Neither has it presented a cogent challenge to the judge's reasoning process in exercising that discretion. Accordingly, we hold that the appeal was brought without foundation. The respondents are entitled to a reasonable award of attorney fees, to be determined under I.A.R. 41. Respondents also shall receive costs as provided by I.A.R. 40.

WALTERS, C.J., and SWANSTROM, J., concur.