746 P.2d 1063

**Curtis GRANT and Robert Grant, Plaintiffs–Appellants,**

v.

**CITY OF TWIN FALLS, Mike Garcia, Ronald E. Axtman, K.A. McDowell, John Doe Gardner, Defendants–Respondents.**

**No. 16778.**

Court of Appeals of Idaho.

Dec. 7, 1987.

Petition for Review Denied Jan. 25, 1988.

---

Donald W. Lojek, Lojek & Hall, Ctd., Boise, for plaintiffs-appellants.

Fritz A. Wonderlich, Benoit, Alexander, Sinclair, Harwood & High, Twin Falls, for defendants-respondents.

PER CURIAM.

This is an appeal from an order dismissing an action brought against the City of Twin Falls and officers of its police department. The plaintiffs, Curtis and Robert Grant, allege that they were unlawfully arrested, detained, and physically abused while in custody. The suit is grounded in the Federal Civil Rights Act, 42 U.S.C. § 1983, and in the Idaho Tort Claims Act, I.C. §§ 6–901 to –928. In his order of dismissal, the district judge held that the defendants had not been timely served under Rule 4(a), I.R.C.P., nor had the case been diligently prosecuted as required by Rule 41(b). The sole issue presented on appeal is whether the district judge abused his discretion in making these determinations. For reasons explained below, we conclude that he did.

Because the action was dismissed on procedural grounds, it is unnecessary for us to recite the facts framing the substantive issues in the case. Rather, we focus upon the procedural history. The events in question occurred on or about August 21, 1982. A notice of tort claim was filed for the plaintiffs by a Twin Falls attorney on October 26, 1982. The City investigated the claim but did not respond. The claim was deemed denied. The Twin Falls attorney then sought assistance from other counsel. On August 21, 1984, the plaintiffs' complaint was filed in Ada County by their present attorney, who practices in Boise. A summons was issued in January, 1986, by the clerk of the district court for Ada County. The defendants were served with copies of the summons and complaint in March, 1986. Pursuant to an apparent stipulation, the City was allowed additional time to answer the complaint. The City's answer was filed on April 17, 1986.

On May 1, 1986, a district judge in Ada County, the Honorable Deborah A. Bail, ordered a pretrial conference and tentatively set the case for trial. Several days later, the City answered interrogatories which

had been propounded by the plaintiffs. On August 6, 1986, the City filed a "Motion to Dismiss or, in the Alternative, Motion to Change Venue." Although the motion asserted that the defendants had not been timely served and that the case had not been diligently prosecuted, the affidavits in support of the motion were directed entirely toward the question of proper venue. Judge Bail denied the motion to dismiss. With respect to the question of timely service, she held that Rule 4(a), I.R.C.P., "does not preclude summons being issued more than one year after the complaint is filed." With respect to the question of diligent prosecution, Judge Bail found "that this case, although dormant at one period of time, has now revived and discovery is pending. Therefore, the case will not be dismissed for failure to prosecute." However, Judge Bail did find that venue in Ada County was improper, and she ordered the case transferred to the district court in Twin Falls County.

After the case arrived in Twin Falls, the defendants moved to dismiss the plaintiffs' complaint upon several grounds, including the previously asserted reasons of untimely service of process and lack of diligent prosecution. In response, the plaintiffs' counsel filed affidavits indicating that several depositions recently had been taken and alleging that the defendants had not been prejudiced by any delay in the case. In a counter-affidavit, counsel for the defendants disputed the lack of prejudice. On November 26, 1986, a district judge in Twin Falls, the Honorable Daniel C. Hurlbutt, granted the defendants' motion. This appeal followed.

Before turning to Rules 4(a) and 41(b), we first deal with an argument by plaintiffs' counsel—that the Twin Falls judge should not have considered the defendants' renewed motion to dismiss. Counsel argues that the renewed motion was precluded by Rule 11(a)(2), I.R.C.P., and, in any event, that the earlier ruling by the Ada County judge represented "the law of the case." It appears that these arguments are being made for the first time on appeal. The Twin Falls judge was not asked, on either of these grounds, to refrain from

ruling on the defendants' renewed motion. Accordingly, we will not discuss the argument further.

■ At times pertinent to this case, Rule 4(a) provided that "[a]t any time within one (1) year after the filing of the complaint, at the request of the plaintiff, the clerk of the district court shall forthwith issue a summons and deliver it for service...." (The rule, as amended effective November 1, 1987, no longer refers to one year or to any other time period.) As the Ada County judge noted, the version of the rule referring to a one-year period authorized, but did not specifically require, that the summons be issued by the clerk within that period. The rule apparently was a limitation on the clerk's power. A plaintiff seeking issuance of a summons after one year presumably would present his request, and make a showing of good cause, to a judge possessing authority to direct the issuance of the summons. In any event, as noted by the Ada County judge in this case, the rule contained no provision invalidating a summons issued after one year, nor did it provide for dismissal of an action solely upon the ground that the summons was issued more than one year after the complaint had been filed.

Consequently, as noted in *Crawford v. Pacific Car & Foundry, Co.*, 112 Idaho 820, 736 P.2d 872 (Ct.App.1987), our research discloses no appellate decisions in Idaho dismissing an action *solely* upon the basis of Rule 4(a). However, there are two cases upholding dismissal of civil actions where, as here, an issue under Rule 4(a) has been raised in the larger context of failure to prosecute.

■ In *Werner Piano Co. v. Baker*, 35 Idaho 496, 207 P. 588 (1922), our Supreme Court held that a district judge did not abuse his discretion by dismissing an action for lack of prosecution where more than three years had elapsed between the filing of the complaint and the service of process. The defendant had moved promptly for dismissal upon being served, and the plaintiff had shown no cause for the extraordinary delay. These facts are in stark contrast to

the present case. Here, the interval between the filing of the complaint and the service of process was approximately nineteen months. The defendants did not promptly seek to dismiss upon being served; rather, they filed their first motion to dismiss five months later, having answered the complaint and having responded to a detailed set of interrogatories propounded by the plaintiffs. Moreover, the defendants had been on notice of a possible lawsuit, and had investigated the facts potentially underlying such a suit, as a result of the notice of tort claim timely filed in 1982. Accordingly, we find nothing in *Werner Piano* that would support a dismissal under Rule 4(a) in the instant case.

The other case is of more recent vintage and was decided by our Court. In *Nagel v. Wagers*, 111 Idaho 822, 727 P.2d 1250 (Ct. App.1986), we held that a district judge did not abuse his discretion in dismissing an action for failure to prosecute under factual circumstances remarkably similar in several respects to those presented here. In both cases, the delay in issuing the summons was nineteen months, and in both cases the defendants had been made aware of the possibility of a lawsuit. However, in *Nagel*, like *Werner Piano* but unlike the present case, the defendants moved promptly for dismissal upon being served. They did not plead and engage in discovery before seeking a dismissal.

In sum, what distinguishes this case from *Nagel* and from *Werner Piano* is the fact, as found by the Ada County judge, that although the case had been dormant for a time, it had been revived and was an active case when the motion to dismiss was filed. Accordingly, we hold that Rule 4(a), in its literal language and in its case law application, affords no basis to dismiss the instant case.

■ We now consider the related, but broader, question of failure to prosecute under Rule 41(b). The rule simply provides, in pertinent part, that "[f]or failure of the plaintiff to prosecute ... a defendant may move for dismissal of an action or of any claim against him." The rule has been fleshed out by recent appellate decisions. In *Jensen v. Doherty*, 101 Idaho 910, 911, 623 P.2d 1287, 1288 (1981), our Supreme Court articulated the purpose of dismissal under the rule:

> Involuntary dismissal under I.R.C.P. 41(b) for failure to prosecute is in the nature of a sanction. It is a *necessary final recourse* available to the court to protect its processes and other litigants from abuse. It is a remedy to be *sparingly used*, but it is always available.

(Emphasis added.) In *Bartlett v. Peak*, 107 Idaho 284, 688 P.2d 1189 (1984), the Supreme Court enunciated guidelines that would be employed when applying the rule. A judge should consider the length of delay occasioned by the failure to prosecute; the justification, if any, for such delay; and the resultant prejudice. In *Rudy–Mai Farms v. Peterson*, 109 Idaho 116, 705 P.2d 1071 (Ct.App.1985), and in *Nagel v. Wagers, supra*, we stated that prejudice may be presumed to flow from unexcused and unreasonable delay. These cases guide the exercise of discretion in dismissing stagnant cases.

■ In this case, the record does not indicate that dismissal was necessary to protect the court's processes and the defendants from abuse. The assertions of counsel regarding the presence or absence of prejudice caused by delay were inconclusive. When the defendants filed their renewed motion for dismissal, the case had been active for several months. It had proceeded past the interrogatories propounded and answered in the spring of 1986. Several depositions had been, or were being, taken. Transcripts were filed by plaintiffs' counsel with his response to the motion.

In this respect, the case is strikingly different from the cases cited above. In *Bartlett* no discovery had occurred, nor had any other filings been made, for a period of more than two years and three months. In *Rudy–Mai* the case had been dormant for approximately six years. In *Nagel* the plaintiff had taken no significant action after filing the complaint. In our view, the present case does not fit the mold of prior cases where Rule 41(b) dismissals

have been upheld. The rule has not been used to dismiss cases that were active when dismissal was sought.

We recognize that judges must deal firmly with the problem of delay. As we noted in *Viehweg v. Thompson*, 103 Idaho 265, 269, 647 P.2d 311, 315 (Ct.App.1982):

> The days are over—if indeed they ever existed—when litigants and their attorneys could dictate the pace of the judicial process. A well-founded public outcry over delay in the administration of justice now requires that judges at all levels play an active role in managing their calendars.

However, administrative firmness must be coupled with an understanding that real people and substantive rights hang in the balance when a decision is made under Rule 41(b).

Recently our Supreme Court held that dismissal should not be employed as a sanction under I.R.C.P. 37(b) if the goal of efficient administration of justice may be accomplished through the wise use of less drastic measures. *Southern Idaho Production Credit Association v. Astorquia,* 113 Idaho 526, 746 P.2d 985 (1987). By the same token, we conclude in this case that it is an abuse of discretion to use the power of dismissal, not to cull an inactive case from the court's calendar, but to punish a period of delay which no longer exists.

Accordingly, the district court's order of dismissal is reversed. The case is remanded for reinstatement on the court's calendar. Costs to the appellants. No attorney fees on appeal.