777 P.2d 1248

Edwin ROBERTS, Jr., Edwin Roberts, Sr., and Vera Roberts, dba Roberts & Roberts, a partnership dba Pix Theater, Plaintiffs–Appellants,

v.

Reese VERNER, attorney at law, Richard Lehoist, Fred Beghule and Cleo R. Swayne, Defendants–Respondents.

Nos. 17194, 17280.

Court of Appeals of Idaho.

Aug. 3, 1989.

Ray Keith Roark of Roark, Donovan, Praggastis, Rivers & Phillips, Hailey, for plaintiffs-appellants.

John J. Janis of Elam, Burke & Boyd, Boise, for defendants-respondents.

SWANSTROM, Judge.

In March 1983, the members of a partnership (Roberts), operating the Pix Theater in Nampa, filed suit against the respondents. In the complaint Roberts sought damages for the failure of Reese Verner, who had acted as attorney for Roberts, to exercise a renewal option for the leased building where the Pix Theater was located. The complaint also alleged that Verner and the other respondents had interfered with negotiations by Roberts to sell the theater. On Verner's motion, the complaint was dismissed in September 1987 under I.R.C.P. 41(b) for lack of prosecution. Roberts appeals, contending that the district court abused its discretion in granting the motion to dismiss. Verner asks for an award of attorney fees on appeal. We affirm the district court's order of dismissal. We decline to award attorney fees on appeal.

The history of the case is as follows. In August 1983, five months after the filing of the complaint, defendant Verner was served. In September, Verner filed a notice of appearance and a motion for change of venue. Defendant Richard Lehoist then filed an answer and counterclaim. Verner's motion to change venue was granted. In October, Roberts replied to Lehoist's counterclaim. No further action was taken on the case for the remainder of 1983 and all of 1984.

In February 1985 Verner filed his answer to the complaint and made his first motion to dismiss. The record contains no ruling on this motion. In July, summary judgment was granted to Cleo Swayne. The case then remained dormant until March 1986 when both Verner and Lehoist filed motions to dismiss. Prior to the hearing on the motions, Roberts for the first time retained counsel. In April both of the motions were denied, although the presiding judge was critical of the delay in prosecuting the case. In September Roberts stipulated to the entry of an order dismissing the complaint as to Lehoist. In the meantime, defendant Fred Beghule's attorney withdrew. No further action has been taken by or against Beghule.

The only other remaining defendant, attorney Reese Verner, filed his third Rule

41(b) motion to dismiss in July, 1987. This motion was granted in September. Roberts unsuccessfully moved under I.R.C.P. 59(e) and 60(b) to alter or amend the order. This appeal was then taken from these final orders and from a judgment awarding costs and attorney fees to Verner.[1]

■ Rule 41(b), I.R.C.P., provides in pertinent part that "[f]or failure of the plaintiff to prosecute ... a defendant may move for dismissal of an action or of any claim against him." This rule imposes upon a plaintiff an affirmative duty to seek prompt adjudication of the claim. *Nagel v. Wagers,* 111 Idaho 822, 727 P.2d 1250 (Ct. App.1986). The guidelines employed by the district court under a Rule 41(b) motion entail a consideration of: (1) the length of delay occasioned by the failure to prosecute; (2) the justification, if any, for such delay; and the resultant prejudice of the delay. *Rudy–Mai Farms v. Peterson,* 109 Idaho 116, 705 P.2d 1071 (Ct.App.1985). This balancing decision is a discretionary function and the district court's decision will not be overturned absent an abuse of discretion. *Id.* On appeal Roberts has argued that the delay here is not one which warrants dismissal. Roberts contends that the actual time when the case was entirely inactive was short. The longest period being approximately sixteen months. Roberts also notes that following the denial of the second motion to dismiss, the case underwent a period of renewed activity, including discovery.

■ These contentions, however, misconstrue the court's consideration of the delay under a Rule 41(b) motion and the duty which is imposed upon a party filing a lawsuit. The record establishes that in the four and one-half years during which the case was pending no significant action was ever taken by Roberts in the prosecution of the case. Roberts' actions, after the initial filing and the reply to Lehoist's counterclaim were limited to defensive responses to the efforts by the defendants to either dismiss the case or be removed as parties. It is not apparent that Roberts undertook any affirmative action to move the case forward until after the third motion to dismiss was filed. It is the plaintiff who has this burden. For purposes of determining the delay in the adjudication of a case, the court focuses upon the plaintiff's efforts to diligently prosecute the lawsuit. There is a distinct absence of any but the smallest efforts by Roberts to prosecute the case during the four and one-half years it was pending. One prime example of this is that all of the discovery undertaken in the case was initiated and done by Verner.

We also note that Roberts received ample warnings by the district court of the consequences for continued delay and inaction. When Verner's second motion to dismiss was denied, the district court expressly criticized Roberts' lack of diligence. However, Roberts still failed to take any affirmative action during the next fifteen months before Verner filed a third motion to dismiss.

A four and one-half year delay in the prosecution of a case is sufficient to invoke Rule 41(b). We note that dismissals have been upheld for shorter periods of delay. See, e.g. *Jensen v. Doherty,* 101 Idaho 910, 623 P.2d 1287 (1981) (applying rule to a period of delay slightly exceeding one year); *cf. Kirkham v. 4.60 Acres,* 100 Idaho 781, 605 P.2d 959 (1980) (upholding dismissal under I.R.C.P. 40(c) for delay of twenty-one months); *Nagel v. Wagers,* 111 Idaho 822, 727 P.2d 1250 (Ct.App.1986) (upholding dismissal for delay of nineteen months).

Roberts offered several justifications for the delay. These included Roberts' difficulties in obtaining records to establish damages, problems associated with an election to pursue the case pro se, and the failure by Verner to file an answer to the

---

**1.** No separate issue has been raised in this appeal concerning the district court's award of fees to Verner under I.C. § 12–121.

complaint until approximately seventeen months after the summons was served upon him. We acknowledge that such difficulties may justify some delay or continuance for the discovery process involved in a case. Nevertheless, such reasons do not provide an excuse for plaintiffs' delay here. Once the lawsuit was commenced, Roberts had the affirmative duty to prosecute the case. Five months elapsed before Verner was served with a summons. He promptly moved for a change of venue. After venue was changed, Roberts took no action to compel the filing of an answer or to obtain a default judgment against Verner. The failure to use available procedures to cure any delay on the part of Verner in filing an answer to the complaint indicates a lack of diligence in the prosecution of the case. A pro se party is held to the same standard as an attorney in the litigation of a case. The record fails to establish that even after Roberts obtained an attorney any effort to engage in discovery or any prosecution of the case took place.

Next, we note that the requirement of a resultant prejudice of the delay has also been satisfied. We have previously held that such prejudice may be presumed to flow from unexcused and unreasonable delay. *Grant v. City of Twin Falls*, 113 Idaho 604, 746 P.2d 1063 (Ct.App.1987). Roberts has failed to rebut this presumption.

From the above, we conclude that the district court did not abuse its discretion in granting the motion to dismiss. The district court appropriately employed the proper balancing factors and fully explained its reasons for granting the motion. We are aware of the severity of the effect of imposing the sanction of a dismissal. Under the facts of this case, such a sanction was not inappropriate. The order dismissing the case under Rule 41(b) is affirmed. Although an appeal was also taken from the order awarding costs and fees, we have been presented with no arguments concerning this order. Accordingly, we will affirm it.

Verner has also requested attorney fees on appeal. Such an award is not appropriate unless the reviewing court is left with the abiding belief that the appeal was brought or pursued frivolously, unreasonably or without foundation. *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 591 P.2d 1078 (1979). While we have ruled against Roberts we believe that he has raised a fairly debatable issue regarding the trial court's application of the Rule 41(b) standards to the facts of this case. Accordingly, we deny Verner's request for fees on appeal. We award costs to respondent Verner.

WALTERS, C.J., concurs.

BURNETT, Judge, specially concurring.

I join in affirming the district court's order of dismissal. I write separately, however, because the lead opinion employs two dubious standards in measuring the length of delay attributable to the plaintiffs.

First, the Court equates the length of delay with the entire lifespan of the case. It thereby holds the plaintiffs responsible for an eighteen-month lapse from service of the complaint to the filing of defendant Verner's answer. My colleagues suggest that the plaintiffs' acquiescence in this delay constitutes a failure to prosecute under Rule 41(b). I submit that although every plaintiff has a burden of prosecution, a dilatory defendant is not entitled to the windfall of a dismissal with prejudice under Rule 41(b). *See, e.g., Rogers v. Kroger Co.*, 669 F.2d 317 (5th Cir.1982); *Finley v. Parvin/Dohrmann Company, Inc.*, 520 F.2d 386 (2d Cir.1975); *Food Basket, Inc. v. Albertson's, Inc.*, 416 F.2d 937 (10th Cir. 1969).

Where mutual delay exists, it should be treated by the trial court as a calendar management problem. In today's era of active caseload administration by judges, litigation rarely should remain dormant so long that dismissal under Rule 41(b) is re-

quired. The court should seize the initiative by conducting status conferences or by notifying the parties that a case appears to be inactive, and that it will be dismissed without prejudice under I.R.C.P. 40(c), unless good cause is shown to retain it on the calendar. Rule 40(c), which has no counterpart in the federal system, is an administrative tool better suited than Rule 41(b) for dealing with delay chargeable to both parties. Unfortunately, as far as the record shows, the trial court did not issue a Rule 40(c) notice in this case.

Accordingly, I believe the Rule 41(b) analysis should be narrowed to the period of approximately thirty months that followed Verner's filing of an answer and ended with his eventual filing of the successful motion to dismiss. During this period, as the lead opinion observes, the plaintiffs took no "affirmative" action such as initiating discovery or requesting a trial date. On the other hand, the plaintiffs did respond to a discovery request, and they participated in four depositions taken upon notice by Verner. The lead opinion characterizes these activities as mere "defensive responses" and accords them no apparent weight in determining whether the plaintiffs were diligent in their prosecution of the case.

This, I submit, is the second dubious standard. There is no reason to complicate Rule 41(b) by creating a dichotomy between "affirmative" and "responsive" action. When a case is moving forward, it simply is not a candidate for dismissal under the rule. We implicitly acknowledged this point in *Grant v. City of Twin Falls*, 113 Idaho 604, 746 P.2d 1063 (Ct.App.1987) (petition for review denied), where we overturned the Rule 41(b) dismissal of a case which had become active after a latent period. We did not parse out the plaintiffs' and defendants' respective roles in activating the case. To the contrary, we specifically noted that the defendants had filed an answer and had initiated discovery—to which the plaintiffs had responded—before the Rule 41(b) motion was filed. We said

these activities by the defendants distinguished the case from earlier reported decisions where Rule 41(b) motions had been preceded by long periods of dormancy. *Id.* at 607, 746 P.2d at 1066.

The instant case was dormant approximately fourteen of the thirty months that followed Verner's answer to the plaintiffs' complaint. Then, as mentioned above, there were several months of activity as the defendants propounded a discovery request and took four depositions. If the defendants' Rule 41(b) motion had been filed soon after this activity, it might have been doomed to denial under our *Grant* decision. However, the motion was not filed until yet another dormant period, extending eight months, had elapsed from the last deposition. It might be debated whether such an eight-month hiatus, by itself, would be sufficient to justify a Rule 41(b) dismissal. But when the eight-month interval is viewed in the context of a previous fourteen-month period of dormancy, I believe there is a pattern of neglect cognizable as a failure to prosecute under Rule 41(b).

The remaining questions are whether this failure has been justified and whether it was prejudicial to the defendant. I agree with the lead opinion that the plaintiffs have advanced no persuasive justification for the delay. A presumption of prejudice must follow. As we noted in *Rudy–Mai Farms v. Peterson*, 109 Idaho 116, 118, 705 P.2d 1071, 1073 (Ct.App.1985), "[p]rejudice may be presumed to flow from unexcused and unreasonable delay." The plaintiffs have not attempted to rebut this presumption. Standing unrebutted, the presumption is sufficient to satisfy the prejudice requirement.

Although my analysis is narrower than that contained in the lead opinion, I reach the same conclusion. The requirements for dismissal under Rule 41(b) have been satisfied in this case. Consequently, I join in affirming the trial court's order of dismissal.