796 P.2d 155

STATE of Idaho, ex rel., DEPARTMENT OF LABOR AND INDUSTRIAL SERVICES, Marilee Olson, Plaintiffs–Respondents,

v.

Susan HILL, Defendant–Appellant.

No. 17833.

Court of Appeals of Idaho.

July 23, 1990.

Susan Hill, Boise, appearing pro se.

Jim Jones, Atty. Gen., Patrick D. Costello, Sp. Deputy Atty. Gen., argued, Boise, for plaintiffs-respondents.

HURLBUTT, Judge, pro tem.

This *pro se* appeal from a wage claim determination was filed in the magistrate division by the Department of Labor and Industrial Services (Department) to recover wages due an employee of the appellant, Susan Hill. The magistrate's judgment in favor of the Department was upheld on appeal to the district court. Appealing further, Hill maintains that the Department

had no "jurisdiction" to pursue the wage claim on the employee's behalf and that such an exercise of power by the Department unconstitutionally interfered with her freedom to contract. Hill further argues that the trial court erred in imposing sanctions for her refusal to comply with its order compelling discovery. Finally, Hill avers the trial court erred by not dismissing the action for failure to prosecute. We affirm the district court decision upholding the magistrate's grant of summary judgment in favor of the Department.

## PROCEDURAL HISTORY

In 1985, Marilee Olson filed a wage claim with the Department against Susan Hill alleging that Hill had engaged her services as an "aide" for Hill's day-care facility. Olson maintained that Hill agreed to pay her $3.35 per hour, that she worked 142 hours and was owed total wages of $475.70 for which she has never been paid.

After the Department notified Hill of the claim she responded by letter denying the allegation that she was Olson's employer. Rather, Hill averred that Olson had signed an agreement creating an independent contractual relationship over which the Department had no jurisdiction.

The Department conducted a hearing, at which Hill failed to appear. The hearing officer held that the Department had authority to determine wages due under Idaho Code Title 45, Chapter 6.[1] The departmental hearing officer found that Olson actually was an employee and not an independent contractor. The hearing officer concluded that wages were due Olson and directed Hill to remit $475.70 to the Department within ten days. Hill failed to comply and the matter was referred to the attorney general's office to seek judicial enforcement of the Department's determination.

On October 25, 1985, the attorney general's office filed a complaint seeking treble damages plus attorney fees and costs pursuant to I.C. § 45–615. Hill filed an answer *pro se*, in which she set forth a general denial of the allegations and reasserted her arguments that the Department lacked jurisdiction and that Olson was an independent contractor.

On December 19, 1985, the Department served interrogatories on Hill which inquired into the working relationship between Hill and Olson. Hill failed to respond to these interrogatories. Instead, Hill mailed a letter, dated January 7, 1986, to the special deputy attorney general representing the Department, stating that she disputed the authority of the Department and the district court to proceed with the matter and, as a consequence, she refused to reply to the interrogatories.

On January 21, 1986, the Department filed a motion to compel discovery pursuant to I.R.C.P. 37. Hill did not respond directly to this motion. Rather, on the day before hearing on the motion, Hill filed a "Notice of Special Appearance" reasserting her jurisdictional claim and requesting the hearing be vacated. Hill failed to appear at the hearing at which the magistrate issued an order compelling discovery and requiring Hill to respond to the interrogatories within ten days. Hill failed to comply.

On March 4, 1986, the Department filed a motion for an order imposing sanctions against Hill for failure to comply with the order compelling discovery. The Department's proposed order set forth facts—which were the subject of the discovery request—which would be deemed established in the Department's favor pursuant to I.R.C.P. 37(b)(2)(A). Hill responded by filing a "Demand for Constitutional Rights and Constructive Notice by Special Appearance" in which she contested jurisdiction and claimed that the Department was interfering with her constitutional right of contract, and, again that she was not an employer. Hill further contended that sanctions should not be imposed because she never learned of the order to compel. She

---

1. The statute authorizing the Department's action in this case was former I.C. § 45–615. This statute has since been amended and recodified as I.C. § 45–617 (1989). This statute authorizes the Department director to receive assignment of the claim and to pursue it in court on the assignor's behalf after it is determined the claim is legitimate.

did not appear at the hearing on the motion to impose sanctions. On May 27, 1986, the magistrate granted the relief sought by the Department and sanctioned Hill by deeming as established certain facts favorable to the Department.[2]

For reasons not disclosed by the record, the case then lay dormant until February, 1988. At this time, the Department filed a notice of substitution of counsel and a motion for summary judgment. In response, Hill filed "Objections To: (1) Trial Setting; (2) Motion for Summary Judgment and Motion to Dismiss." In this document, Hill reasserted her constitutional jurisdiction argument. She also argued that the action should be dismissed for lack of prosecution pursuant to I.R.C.P. 40(c). However, she never addressed any substantive issue raised in the summary judgment motion.

Neither party requested a hearing on the summary judgment motion. Accordingly, the motion was decided on the briefs. The magistrate granted the Department's motion for summary judgment on the basis of the facts established by the order imposing sanctions. In the order granting summary judgment, the magistrate also denied Hill's motion to dismiss for failure to prosecute. The magistrate entered a judgment for $1,957.10, representing the wages due, trebled, attorney fees and costs. The magistrate's judgment was upheld on appeal to the district court.

## STANDARD OF REVIEW

■ Our analysis begins with the applicable standard of review. Where the issues on appeal are the same as those considered by the district court sitting in its appellate capacity, we review the trial record with due regard for, but independently from, the district court's decision. *Robinson v. Joint School District No. 331*, 105 Idaho 487, 670 P.2d 894 (1983); *Hentges v. Hentges*, 115 Idaho 192, 765 P.2d 1094 (Ct.App.1988).

■ Hill raises several issues which were never presented for resolution either to the magistrate or to the district court on the intermediate appeal. Except for genuinely jurisdictional questions, we will consider only those issues which were first presented below. *State v. Phillips*, 117 Idaho 23, 784 P.2d 353 (Ct.App.1989). Moreover, we will not consider any issues raised implicitly in Hill's argument which are not supported by references to the transcript or record on appeal, or by citation to pertinent authority. *Phillips, supra, citing State v. Hoisington*, 104 Idaho 153, 657 P.2d 17 (1983); *State v. Burris*, 101 Idaho 683, 619 P.2d 1136 (1980). These standards comport with the Idaho Supreme Court holding that a party to litigation who appears without an attorney is held to the same standards, procedures and rules as would be a party represented by an attorney. *Makin v. Liddle*, 102 Idaho 705, 639 P.2d 3 (1981).

Consequently, we conclude that the issues properly before this Court are as follows: (1) whether the Department had "jurisdiction" to determine this wage claim and whether the Department properly exercised such jurisdiction; (2) whether the Department's actions interfered with Hill's constitutional right of contract; (3) whether the trial court erred by imposing sanctions for Hill's failure to comply with discovery; (4) whether the trial court erred in granting the Department's motion for summary judgment; and (5) whether the trial court erred in denying Hill's motion to dismiss for failure to prosecute; and (6) whether Hill was denied due process.

## I. JURISDICTION

■ Throughout the entire course of this action, Hill has steadfastly maintained that the Department had no "jurisdiction" to determine this wage claim. Hill contends that the Department's authority was exceeded when it determined that her relationship with Olson was that of employer/employee. Generally, jurisdiction is the authority by which courts and judicial officers take cognizance of and decide cases. BLACK'S LAW DICTIONARY, p. 766 (5th

---

2. Hill appealed this order. The district court dismissed the appeal determining the order was interlocutory and not appealable under I.R.C.P. 83(a).

Ed.1979). The Department proceeded with the wage claim determination on the statutory authority clearly vested in it by I.C. § 45–613. In order to proceed with a wage collection, the Department must determine whether wages are due and owing to the claimant. Inherent in making such a determination is the Department's resolution of whether the parties maintained an employer/employee relationship. Such a relationship is a necessary subsidiary fact which must be established before the Department may proceed. Accordingly, I.C. § 45–615 authorizes the Department to make that preliminary determination. Thus, Hill's argument that the Department had no "jurisdiction" to examine her working relationship with Olson is without merit.

Similarly, Hill maintains that the district court, including the magistrate division, never "established" jurisdiction. Hill submits that such an establishment is a necessary prerequisite to a court proceeding on the action. Hill cites no authority for—nor are we cognizant of—such a separate procedural requirement. In any event, the record indicates that the elements of procedural and subject matter jurisdiction were satisfied in this case.

 Hill also contends that the court erred in finding the Department had the authority to proceed on the employee's behalf through the court system. The district court correctly treated Hill's contention as an objection to the Department's standing. Idaho Code § 45–615(3) grants the Department director standing—after taking an assignment of the claim from the claimant—to "maintain any proceeding appropriate to enforce the claim or claims." I.C. § 45–615(3). Of course, the Department's standing is based upon the Department's finding of an employer/employee relationship. Hill was provided with several opportunities to establish facts adverse to the Department's determination. The record discloses that Hill failed to avail herself of those opportunities.

Rather than appear before the Department or the court, Hill repeatedly asserted that her contract with Olson—labelling Olson an independent contractor—controlled the issue of employer/employee relationship. To support this contention, she argued that an earlier Departmental determination in which she was a party was *res judicata* and barred proceedings in the instant case. In that action, Hill succeeded in demonstrating to the satisfaction of the Department that another wage claimant *was* indeed an independent contractor and not her employee. However, as explained by the district court, the doctrine of· *res judicata* has no application to a new claim, by a different claimant, based upon separate facts.[3] *See Aldape v. Akins*, 105 Idaho 254, 668 P.2d 130 (Ct.App.1983) (review denied). Therefore, Hill's reliance on the previous determination is without merit.

Because Hill has provided no cogent argument challenging the Department's status determination, the magistrate and the district court were correct in concluding that the Department had standing to proceed with this action on Olson's behalf.

## II. CONTRACT CLAUSE

Related to Hill's jurisdictional contention is her claim that the Department, and subsequently the court, interfered with her constitutional right of contract. Hill maintains that she is a sovereign under the United States Constitution, Article I, section 10, and, as such, is immune from the Department's statutory authority, and the court's authority, to determine the contractual status of her relationship with claimant Olson. We interpret this argument as embodying two distinct issues. The first issue seemingly invokes the doctrine of sovereign immunity. The second issue asks the court to strike down the Idaho Wage Claim Act as an unconstitutional impairment on her contractual rights.

 Hill's lofty quest for sovereign immunity must fail. We know of no law that declares United States citizens to be sover-

---

**3.** We note that the district court also held that the doctrine of *res judicata* applies only to court judgments. We reject that conclusion to the

extent it conflicts without our opinion in *Pence v. Idaho State Horse Racing Commission,* 109 Idaho 112, 705 P.2d 1067 (Ct.App.1985).

eigns in the sense claimed. As a citizen Hill is not above the law but must obey the obligations it imposes, enjoy the privileges it bestows, and acknowledge the rights it preserves. *See e.g. Gregerson v. Blume,* 113 Idaho 220, 743 P.2d 88 (Ct.App.1987) (review denied); *State v. Staples,* 112 Idaho 105, 730 P.2d 1025 (Ct.App.1986).

■ Likewise, Hill's contention that Idaho's wage claim statute violates the contract clause of the United States Constitution is without merit. The constitutional impairment of contract clause protects only those contractual obligations already in existence at the time the disputed law is enacted. *Lindstrom v. District Board of Health and Panhandle District I,* 109 Idaho 956, 712 P.2d 657 (Ct.App.1985). Idaho's Wage Claim Act was first passed in 1893. Hill has not indicated, nor have we discovered, any recent changes in the Act which impermissibly interfered with the existing contract between Hill and Olson.

## III. SANCTIONS

■ We next examine Hill's contention that the court erred in imposing sanctions for failure to comply with a discovery order. Imposition of sanctions pursuant to I.R.C.P. 37(b) is a matter entrusted to the sound discretion of the trial court. The decision to impose sanctions will not be overturned on appeal absent an abuse of that discretion. *Southern Idaho Production Credit Ass'n v. Astorquia,* 113 Idaho 526, 746 P.2d 985 (1987). It is undisputed that interrogatories were served on Hill and that she failed to respond. The certificate of mailing filed February 21, 1986 indicates that a copy of the order to compel discovery was mailed to Hill. Hill disputes receiving the order. Although it is imperative that litigants be provided proper notice, determining whether Hill actually received the order to compel is of no consequence here because it is undisputed that Hill subsequently received the Department's motion for the order imposing sanctions, filed March 7, 1986, the notice of hearing of that motion and the amended notice of hearing dated April 7, 1986.

Nevertheless, Hill still failed to answer the interrogatories or to appear at the hearing on the motion for sanctions to explain why she failed to comply with the discovery order. Rather, Hill simply persisted with her claim that the court lacked "jurisdiction." As a consequence of this conduct, she sacrificed her opportunity to contest the sanction order and establish for the record her assertion that she did not receive the order to compel discovery. Thus, Hill failed to preserve the issue for appeal.

The magistrate further noted that Hill's stance regarding the litigation indicated she had no intention of complying with discovery. She never departed from her simplistic and erroneous belief that neither the Department nor the courts had jurisdiction over this case. Moreover, she never demonstrated how she was prejudiced by her alleged failure to receive the order compelling discovery in light of all the other documents received. *See* I.R.C.P. 61. Accordingly, she has failed to show that the magistrate committed an abuse of discretion under these circumstances. *See, Southern Idaho Production Credit Ass'n v. Astorquia, supra.*

## IV. SUMMARY JUDGMENT

We next examine Hill's contention that summary judgment was improper. Summary judgment is appropriate only when genuine issues of material fact are absent and the case can be decided as a matter of law. I.R.C.P. 56(c); *Moss v. Mid–American Fire and Marine Insurance Co.,* 103 Idaho 298, 647 P.2d 754 (1982). Ordinarily, controverted facts are viewed in favor of the party resisting a motion for summary judgment. However, as explained above, certain facts were deemed by the magistrate to be established as a result of the sanction imposed for noncompliance with the court's discovery order. Those facts are as follows:

1. That Susan Hill set the hours and days that Marilee Olson performed services at Hill's Academy, and she was not free to set her own schedule or to come and go as she pleased.

2. That Marilee Olson was to be paid on an hourly basis for the services that she performed at Hill's Academy.

3. That Susan Hill supervised and directed Marilee Olson in her performance of her work.

4. That Susan Hill selected and supplied the instructional materials and methods that were to be used by Marilee Olson at Hill's Academy.

5. That Marilee Olson's rate of compensation was not directly related to the number of individuals supervised or taught by her, the number of individuals enrolled at Hill's Academy, or the gross receipts or net profits of Hill's Academy.

6. That Susan Hill or Hill's Academy has paid no funds to Marilee Olson for services performed at Hill's Academy.

7. That Marilee Olson made no representation to Susan Hill that she was independently engaged in the trade or business of day care facilities or the presentation of programs at various day care centers or facilities.

8. That Marilee Olson did not set the price that was to be charged by Hill's Academy to its clients.

9. That Marilee Olson did not set the hours that Hill's Academy would be open for business.

10. That by the terms of the working relationship between Marilee Olson and Hill's Academy, either party could terminate the working relationship without liability for breach of contract to the other party.

11. That Marilee Olson was not free to hire subordinates to perform the work that Hill's Academy hired her to perform.

■ When determining whether there exists an employee/employer relationship for the purpose of Idaho's wage claim statute, we look not to the labels applied by the parties but rather to the actual indicia of such a relationship. The general test of an employee/employer relationship is the right to control work. If the employer retains the right to control and to direct the activities of the employee in the details of work performed, and to determine the hours to be spent and the times to start and stop the work, the person performing work will be deemed an employee. *See Gropp v. Pluid,* 91 Idaho 722, 429 P.2d 852 (1967). In light of the facts established by the sanction order, the magistrate was correct in concluding, as a matter of law, that Olson and Hill maintained an employee/employer relationship.

We note however, that the facts established by the sanctions resolve only the issue of whether there existed an employer/employee relationship, but do not provide any information regarding the number of hours Olson worked, the hourly rate of pay, or whether the compensation was, in fact, paid. This information was provided by an affidavit submitted by Marilee Olson. Hill did not dispute the specific hours and amounts claimed by Olson in her affidavit. Rather, she submitted an affidavit continuing her general denials that no employee wages were due. This contention echoed her assertions that Olson was not an employee. Furthermore, it is well settled that if a motion for summary judgment is supported by a particularized affidavit, the opposing party may not rest upon bare allegations or general denials. The party must set forth "specific facts" showing a genuine issue. I.R.C.P. 56(e); *Barlow's, Inc. v. Bannock Clearing Corp.,* 103 Idaho 310, 647 P.2d 766 (Ct.App.1982) (review denied).

## V. MOTION TO DISMISS

■ We next examine Hill's contention that the magistrate erred by denying her motion to dismiss for lack of prosecution. A motion to dismiss for lack of prosecution under I.R.C.P. 41(b) is addressed to the sound discretion of the trial court. The magistrate's determination will not be disturbed absent a showing of abuse of discretion. *Rudy–Mai Farms v. Peterson,* 109 Idaho 116, 705 P.2d 1071 (Ct.App.1985). A judge should consider the length of delay occasioned by the failure to prosecute; the justification, if any, for such delay; and the resultant prejudice. *Grant v. City of Twin Falls,* 113 Idaho 604, 746 P.2d 1063 (Ct. App.1988) (review denied). In this case,

the magistrate held that Hill failed to demonstrate any prejudice resulting from the delay. The magistrate also noted that Hill filed the motion only after the case, having lain dormant for some time, had been reactivated by the Department in filing its motion for summary judgment. We conclude that there was no abuse of discretion under these circumstances.

## VI. DUE PROCESS

Lastly, we note Hill's argument that the trial court procedure of imposing sanctions and granting summary judgment denied her the constitutional right to a jury trial and to confront her accusers. Essentially, Hill maintains she was unconstitutionally denied her day in court, and consequently was denied due process. This contention runs contrary to the procedural facts presented throughout this opinion. The Department, the magistrate, and the district court afforded Hill every notice and opportunity to access the justice system. *See Ferguson v. Board of Trustees of Bonner County School District No. 82,* 98 Idaho 359, 564 P.2d 971 (1977). Hill spurned these opportunities with her misguided claims and specious "jurisdictional" defense. It was Hill who failed to participate in this action at virtually every level. Consequently, we hold there is no basis to Hill's claim that she was not afforded due process.

## CONCLUSION

In sum, we hold that the Department and the court properly exercised their respective jurisdictions accorded by statute. We further hold that the Department had proper standing to pursue the Olson's claim on her behalf in district court. We conclude that Idaho's Wage Claim Act did not violate the contract clause of the United States Constitution in this case. We also hold that the magistrate properly imposed sanctions and granted the Department's motion for summary judgment. Finally, we uphold the order denying Hill's motion to dismiss for lack of prosecution.

The decision of the district court is affirmed. Attorney fees and costs are awarded to the Department pursuant to I.C. § 45–605.

SWANSTROM, J., concurs.

BURNETT, J., fully concurred prior to his resignation on July 16, 1990.