837 P.2d 810

**Thomas GERSTNER and Ninfa Gerstner, husband and wife, Plaintiffs–Appellants,**

v.

**WASHINGTON WATER POWER COMPANY, a public utility corporation, Defendant–Respondent.**

No. 18053.

Court of Appeals of Idaho.

Dec. 20, 1990.

Rehearing Denied Feb. 11, 1991.

Dennis W. Clayton, Spokane, Wash., and David A. Manko, Coeur d'Alene, for plaintiffs-appellants. Dennis W. Clayton argued.

Paine, Hamblen, Coffin, Brooke & Miller, Spokane, Wash., and Coeur d'Alene, for defendant-respondent. Milton G. Rowland argued.

SWANSTROM, Judge.

The sole issue in this case is whether the district court abused its discretion in dismissing plaintiffs' action under I.R.C.P. 41(b) for failure to prosecute. We affirm the dismissal order.

Thomas Gerstner, an employee of Hern Iron Works, sued Washington Water Power Company (WWP), alleging he sustained injuries on December 11, 1983, because WWP employees, who had knowledge of a dangerous electrical hazard at the Hern Iron Works, failed to warn him. Gerstner filed his action in October, 1984.

In September, 1986, after giving notice of intended dismissal under I.R.C.P. 40(c), the district court dismissed the case because it had been inactive for eighteen months. The dismissal was set aside three days later when the court received Gerstner's response showing sufficient reasons why the action had been delayed and why it should be retained. In October, 1986, Gerstner filed an amended motion to compel WWP to produce certain documents. A hearing was scheduled for December 23 but the parties agreed to vacate the hearing and attempt an informal resolution to the discovery requests.

The next period of activity commenced June 12, 1987, when WWP filed a motion for summary judgment with supporting af-

fidavits. Gerstner requested an extension of time to obtain the opinion of an expert. He filed certain documents and memorandum in opposition to the motion for summary judgment. A hearing was held on August 25, 1987, at which time oral arguments were made and additional briefing was submitted. The district court's written order denying the motion for summary judgment was not filed until March 18, 1988. Understandably, during this interval no significant activity occurred.

In January, 1989, after another ten months of inactivity, the district court again gave notice of intended dismissal of the case under I.R.C.P. 40(c) because no action had been taken for more than six months.[1] WWP then filed its own motion for dismissal under Rule 41(b). At the same time Gerstner's attorneys filed affidavits to have the case retained on the calendar. Following oral arguments on the Rule 41(b) motion in February, 1989, the district court held that Gerstner's delay was unjustified and that WWP had been prejudiced by the delay. As a result, the court granted WWP's motion and dismissed the action.

▪ Rule 41(b) states, in pertinent part:

For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him.... Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

The dismissal of a case pursuant to I.R.C.P. 41(b) rests within the discretion of the trial court and its decision will not be reversed on appeal absent a manifest abuse of that discretion. *Kirkham v. 4.60 Acres of Land*, 100 Idaho 781, 605 P.2d 959 (1980). Involuntary dismissal is a sanction

rather than a remedy. Therefore, it should be used sparingly. *Ellis v. Twin Falls Canal Company*, 109 Idaho 910, 712 P.2d 611 (1985). When faced with a motion to dismiss under Rule 41(b), the trial court must consider the length of the delay caused by the plaintiff's failure to move the case, any justification for the delay, and the resultant prejudice to the defendant. *Rudy–Mai Farms v. Peterson*, 109 Idaho 116, 705 P.2d 1071 (Ct.App.1985). *See also Bartlett v. Peak*, 107 Idaho 284, 688 P.2d 1189 (1984).

▪ In *Day v. CIBA Geigy Corporation*, 115 Idaho 1015, 772 P.2d 222 (1989), our Supreme Court said:

It is an abuse of discretion to use the power of dismissal *to punish a* period of *delay* which no longer exists *if* the defendant has not established prejudice resulting from the delay. The rule places key emphasis upon demonstrated prejudice to the defendant's ability to present a defense rather than upon the length of the period of delay *per se.* [Emphasis original.]

115 Idaho at 1018, 772 P.2d at 225 (*citing Grant v. City of Twin Falls*, 113 Idaho 604, 746 P.2d 1063 (Ct.App.1987). Thus, in reviewing the length of the delay, we will consider only the period from the district court's denial of WWP's summary judgment motion dated March 19, 1988, to January 12, 1989, when the court's notice of proposed dismissal was filed. This represents a delay of over ten months. During this period, Gerstner made one filing only—a notice of change of address filed October 3, 1988. Gerstner took no action to have the case set for trial or even to advance the case in any significant way until *after* the dismissal notice was served by the court. Thus, this case is distinguishable from *Grant v. City of Twin Falls, supra,* and from *Systems Associates, Inc. v. Motorola Communications and Electronics, Inc.,* 116 Idaho 615, 778 P.2d 737 (1989).

---

1. In the interim since the court gave the first notice of intended dismissal under I.R.C.P. 40(c), the rule was amended to allow dismissal after six months of inactivity; formerly, the period had been one year.

WWP asserts correctly that prejudice may be presumed to flow from "unexcused and unreasonable delay." *Ellis v. Twin Falls Canal Company*, 109 Idaho 910, 712 P.2d 611 (1985) (citing federal cases dealing with the identical F.R.C.P. 41(b)); *Rudy–Mai Farms v. Peterson, supra; Nagle v. Wagers*, 111 Idaho 822, 727 P.2d 1250 (Ct. App.1986). Here, the district court found that the delay of ten months was unreasonable. Determining that Gerstner had made no attempt to rebut the presumed prejudice, the district court applied the presumption and found that WWP was prejudiced by the delay. The court noted that: "The passage of time dims the memories of all those people that the defendant would rely upon to present its defense in this matter. Therefore, this Court finds the defendant is prejudiced in its defense of this case by the delay."

Furthermore, the court found that Gerstner had provided no reasonable excuse or explanation for this latest period of delay. The record supports this finding. Considering the unexcused delay, the length of the delay, and the resultant prejudice to WWP, the dismissal by the district court was appropriate.

Gerstner argues that, before ordering dismissal, the district court must consider lesser sanctions and, if dismissal is ordered, appropriate findings of fact must be made disclosing that the court considered, and why it rejected, lesser sanctions. During the hearing on Gerstner's motion for reconsideration of the dismissal, Gerstner asked the court to impose monetary sanctions, as an alternative to rectify any wrong inflicted upon WWP by the ten-month delay. The court denied Gerstner's request. The court's action was consistent with our Supreme court's observation regarding a dismissal under Rule 41(b) in *Day v. CIBA Geigy Corporation, supra:* "I.R.C.P. 41(b) provides the single sanction of involuntary dismissal. There appears to be no range of lesser alternatives for a trial judge to consider." 115 Idaho at 1018, 772 P.2d at 225. *See also Ellis v. Twin Falls Canal Company, supra.* According to *Day*, the trial court is not required to consider lesser sanctions before granting an involuntary dismissal pursuant to I.R.C.P. 41(b) because involuntary dismissal is the sole sanction under this rule for failure to diligently prosecute an action.

We conclude the district court's dismissal of Gerstner's case was proper under I.R.C.P. 41(b). Finding no manifest abuse of discretion, we affirm. Costs to respondent, Washington Water Power Company. No attorney fees allowed.

WALTERS, C.J., and WINMILL, J., Pro Tem., concur.