Fred R. MARTIN d/b/a The Patoka Telephone Company, The Patoka Telephone Company, in Liquidation, Patoka Mutual Telephone Company, Inc., Indiana Telephone Corporation, Appellant (Counter-Complainant Below),

v.

INDIANA BELL TELEPHONE COMPANY, INCORPORATED, Appellee (Counter-Defendant Below).

No. 1-580A136.

Court of Appeals of Indiana, First District.

Feb. 2, 1981.
Rehearing Denied March 5, 1981.

John S. Dickerson, Madison, for appellant.

Bruce N. Cracraft, Harold L. Folley, Indianapolis, Donaldson & Andreoli, Lebanon, for appellee.

ROBERTSON, Judge.

Fred R. Martin (Martin) appeals the summary judgment entered in favor of counter-defendant, Indiana Bell Telephone Company, Inc. (Bell) in an action for libel. Bell initiated this suit against Martin as well as the corporate defendants by seeking an injunction prohibiting the use of credit card calls by customers living outside the franchise area of the Patoka Telephone Company (Patoka). Martin brought a counter-complaint for libel based upon a letter sent by Bell to the credit card holders. Bell moved for summary judgment which was granted by the Boone Circuit Court.

We affirm.

The factual background of the libel action begins with the letter sent by Bell to the credit card holders. The letter informed them of a court order which enjoined the further use of their telephone credit cards. The cards had been issued by Martin as president of the Patoka Mutual Telephone Company, Inc. Telephone credit cards are actually special codes which provide the holders with access to long distance telecommunication networks. The revenue from such operations is distributed among the companies participating in the service of the call pursuant to settlement agreements in proportion to the amount of service provided. Bell originally sought to enjoin the use of credit cards by those not living within the franchise area of Patoka. The use of credit cards by those individuals resulted in Patoka being credited for a portion of the long distance revenue even though none of its facilities were utilized. The letter stated that further use of such cards with the intent to defraud Bell may constitute a criminal violation.

Patoka provided telephone service to an area around Wickliffe, Crawford County, Indiana. The company was organized under an act which terminated its corporate existence in 1959. The Patoka Mutual Telephone Company, Inc. (Patoka Mutual) was organized in 1960 as a membership cooperative under the Indiana Not For Profit Corporation Act. The Articles of Incorporation disclose that membership is limited to those "using a telephone which is a part of the company system." Membership terminated upon the cessation of telephone service within the system. Memberships were transferable but memberships could not be transferred to persons whose location was outside the service area of Patoka Mutual. The Patoka Telephone Company, Inc. (Patoka, Inc.) was formed in 1972. According to Martin's answer to an interrogatory, Patoka, Inc. has never conducted business.

Martin attempted to purchase control of Patoka Mutual by purchasing fifty-nine of seventy-one subscriptions in the cooperative. At all relevant times, Martin did not live within the service area of any of the Patoka companies. Patoka, prior to its termination, operated pursuant to a certificate of territorial authority issued by the Public Service Commission in 1957. Patoka Mutual operated without a separate certificate of territorial authority. In 1976, the Public Service Commission found that Patoka Mutual was not authorized to conduct telephone service, that the certificate of territorial authority of Patoka was never transferred to another company, and that the attempted acquisition of Patoka Mutual by Martin was null and void. Bell published the letter in question in 1973, and Martin initiated a counter-complaint for libel. Bell, while disagreeing that the letter in question had libelous implications, issued a letter of retraction. Bell filed a motion to dismiss Martin's claim and pursuant to Ind. Rules of Procedure, Trial Rule 12(B)(8), this was treated as a motion for summary judgment. This was denied by the trial court. In 1980, Bell again filed a motion for summary judgment which was granted by the trial court.

Martin claims the trial court erred in granting summary judgment because the prior motion for summary judgment was

denied and the principle of *res judicata* prevents a different decision on the second motion for summary judgment, a genuine issue of material fact existed as to whether the letter was libelous, the court misinterpreted the legal effect of a retraction, and Bell's communications were not privileged.

Martin argues the trial court erred in granting the second motion for summary judgment because it previously denied such a motion. Martin believes that since the trial court initially found a genuine issue of material fact, the principle of *res judicata* prevents a contrary ruling on the second motion. A prerequisite to a plea of *res judicata* is that the prior adjudication must have been a final judgment on the merits. *England v. Dana Corp.*, (1970) 147 Ind.App. 279, 259 N.E.2d 433. Martin's argument fails because the denial of the first motion for summary judgment is not a final judgment. The denial of a motion for summary judgment is an interlocutory order without the effect of *res judicata. Kirby v. P. R. Mallory & Co., Inc.*, (7th Cir. 1973) 489 F.2d 904.

Martin's second argument is that there was genuine issue of material fact as to whether the letter was libelous, and therefore, summary judgment was inappropriate. Whether a statement possesses a defamatory meaning or implication is initially a question of law to be determined by the trial court. *Cochran v. Indianapolis Newspapers, Inc.*, (1978) Ind.App., 372 N.E.2d 1211. The trial court ruled as a matter of law that the letter was not libelous. Martin substantiates his argument with affidavits of credit card holders who interpreted the letter as accusing Martin of illegal activity. In determining whether a statement is libelous, the whole statement must be considered and any attempt to wrench a word or phrase out of context and base an action thereon, is prohibited. *Rose v. Indianapolis Newspapers, Inc.*, (7th Cir. 1953) 213 F.2d 227. In light of the surrounding facts, we cannot accept Martin's argument that the trial court erred in granting summary judgment.

The letter was sent to the individual credit card holders and informed them of the injunction. The letter stated that Bell thought the use of the cards constituted an "irregular use" of a credit card and that, "*if used in furtherance of an attempt to defraud* this company of any part of the revenue involved with such calls, such use may amount to a violation of the criminal statutes of this state." The letter also advised the readers to contact their attorney before further use of the cards. Martin claims that because he was president of Patoka Mutual, and because he was the individual who issued such cards, he can be recognized as Patoka's alter ego. He therefore concludes his reputation has been harmed by the characterization of "irregular use of credit cards."

Even if Martin could, by implication, be substituted for Patoka, there is still no harm because the letter contains no defamatory statement. We are not persuaded that usage of the term "irregular use" in this context was the equivalent of an accusation of illegal activity. Moreover, we cannot accept the proposition that the business reputation of a utility has been harmed when such utility is not authorized to operate at all, let alone operating in areas beyond its franchise area. Certainly, Bell's characterization of the issuance of credit cards as irregular, was not improper and the trial court was correct in finding that the letter was not libelous as a matter of law.

Martin also argues that the trial court misinterpreted the effect of the letter retraction and the holding the Bell's communication was privileged was erroneous. Our determination that the letter was not libelous, as a matter of law, is dispositive of this case and therefore, it is not necessary to discuss these issues.

We hereby affirm.

NEAL, P. J., and RATLIFF, J., concur.