Alfred J. HISE, et al.,
Plaintiffs–Appellants,

v.

GARLOCK INC., et al.,
Defendants–Appellees.

Nos. 87–4044, 88–3529.

United States Court of Appeals,
Ninth Circuit.

March 10, 1988.

[redacted]

---

John A. Bardelli, Spokane, Wash., for plaintiffs-appellants.

Teryy R. McDaniel, Boise, Idaho, for defendant-appellee Raymark Industries, Inc.

Scott D. Hess, Boise, Idaho, for defendant-appellee A.W. Chesterton Co.

Before KOELSCH, REINHARDT and WIGGINS, Circuit Judges.

ORDER

Alfred and Violet Hise initially filed this state law personal injury action in an Idaho State court against 100 Doe defendants. They amended the complaint to name three foreign corporations, the appellees here, as defendants. The amended complaint retained the Doe defendants. The corporations removed the case to United States District Court for the District of Idaho on the alleged basis of diversity of citizenship. The district court eventually granted the corporations' motions for summary judgment and awarded them attorneys fees. 669 F.Supp. 1026. The Hises have appealed. A prior motions panel issued an order to show cause why this court should not remand these cases to the district court with instructions to vacate the judgment and fee awards and remand the case to the Idaho state court in light of our decision in *Bryant v. Ford Motor Co.*, 832 F.2d 1080 (9th Cir.1987) (en banc).

In *Bryant*, we held that "the presence of Doe defendants under California Doe defendant law destroys diversity, and, thus precludes removal." *Id.* at 1083. Instead of the farrago of rules that previously governed removal of Doe defendant cases, we adopted the straightforward rule that "the 30-day time limit for removal contained in 28 U.S.C. § 1446 will not commence until all Doe defendants are either named, unequivocally abandoned by the plaintiff, or dismissed by the State courts." *Id.* Although the holding of *Bryant* applies, literally, only to California Doe law, the parties have not advanced, and we cannot perceive, any reason in law or logic why *Bryant* should not apply to Idaho's Doe defendant practice. The pedigree of Idaho Rule of Civil Procedure 10(a)(4), Idaho's Doe defendant rule, can be traced to Cal.Code Civ.Proc. § 474, the statute at issue in *Bryant*. *See Chacon v. Sperry Corp.*, 111 Idaho 270, 274 n. 3, 723 P.2d 814, 818 n. 3 (1986). Moreover, this court has previously applied pre-*Bryant* rules governing California Doe defendant cases to Idaho Doe defendant cases. *See Brackney v. Combustion Engineering, Inc.*, 674 F.2d 812, 814 (9th Cir.1982). Thus, we conclude that *Bryant* applies to Idaho Doe defendant practice.

Appellees nonetheless argue that *Bryant* does not require remand in this case because the limitation period for filing a personal injury action provided by Idaho Code § 5-219 has expired as to the Doe defendants. We find this argument unpersuasive for two reasons. First, *Bryant's* rule renders appellees' statute of limitations argument irrelevant. The Doe defendants defeat diversity until they are either named, unequivocally abandoned by the plaintiff, or dismissed by the state court. *Bryant*, 832 F.2d at 1083. This rule makes clear that where a limitations defense is relevant the proper procedure is for the named defendants to have the state court dismiss the Does, rather than remove the case and then have the federal court dismiss them.[1]

Concern for judicial efficiency might nonetheless tempt us to consider appellees' limitation argument if the action against the Does were clearly barred by the statute. However, the Idaho Supreme Court has ruled that for cases filed prior to its decision in *Chacon v. Sperry Corp.*, a complaint naming Doe defendants can be amended to substitute a nonfictitious de-

1. "Unequivocal abandonment occurs in only two situations: (1) where the plaintiff drops the Doe defendants from the complaint or (2) where the trial commences without service of the Doe defendants. [citation omitted]" *Bryant*, 832 F.2d at 1083 n. 5. This disposes of appellee Raymark Industries' contention that the Hises have unequivocally abandoned the Doe defendants by allowing the limitation period to run.

fendant despite the expiration of a statutory limitation period. *Chacon*, 111 Idaho at 276, 723 P.2d at 820.[2] The Hises filed their complaint long before the decision in *Chacon v. Sperry Corp.* Thus, appellees' statute of limitations argument fails as a matter of law.[3]

The presence of Doe defendants in this case destroys diversity, and thus federal jurisdiction.[4] These cases are remanded to the district court. The district court is ordered to vacate its judgment and award of attorney fees, and remand the case to the Idaho state court in which it originated.

**2.** We note that we are disturbed by appellee Raymark Industries' failure to cite, much less discuss, *Chacon v. Sperry Corp.*, although it directed our attention to state cases from Colorado, Wisconsin, Montana, Georgia and Arizona in support of its position.

**3.** We also reject appellee Raymark Industries' contention that the Hises have "consciously abandoned" the Doe defendants. The affidavit Raymark relies upon does no more than explain the Hises' reasons for not naming the corporations in the initial complaint and establishes due diligence in identifying them as defendants. Contrary to Raymark's assertion, one can fairly infer from the affidavit that the Hises were still attempting to identify other possible defendants after the corporations were named. This conclusion is buttressed by the inclusion of Doe defendants in the amended complaint.

**4.** We note that the district court disposed of this case on summary judgment rather than by entry of judgment following a full trial on the merits. *See Bryant*, 832 F.2d at 1083 n. 5 and 6.