772 P.2d 222

**Donald E. DAY, Jr., Donald E. Day, Sr., and William E. Day, Plaintiffs/Appellants/Cross Respondents,**

v.

**CIBA GEIGY CORPORATION, Defendant/Respondent/Cross Appellant,**

and

**Steve Regan Company and John Does I through 10, Defendants.**

No. 16902.

Supreme Court of Idaho.

April 17, 1989.

Webb, Burton, Carlson, Pedersen & Webb, Twin Falls, for plaintiffs/appellants/cross respondents. Lloyd J. Webb argued.

Parsons, Smith, Stone & Fletcher, Burley, for defendant/respondent/cross appellant. Randolph C. Stone argued.

PER CURIAM.

This is an appeal from the district court's order dismissing plaintiffs' complaint for failure of prosecution under I.R.C.P. 41(b). The Days sued for damages to their raspberry crop allegedly due to the application of PRINCEP 80W, a chemical compound manufactured and sold by CIBA Geigy Corporation. The Days applied PRINCEP 80W to their raspberry crop in 1978 and 1979. The Days filed this action in July of 1980, alleging that PRINCEP 80W had damaged their crop. As the case proceeded, there were numerous pre-trial procedures and extensive motion practice involv-

ing discovery disputes, motions for summary judgment, and motions in limine. Over a long period of time three judges were disqualified and the case was reassigned successively.

On February 27, 1987, Judge Hart, the judge sixth in turn assigned to this case, dismissed the plaintiffs' complaint. Judge Hart was specific that the dismissal was based upon delay which occurred prior to December 27, 1984, *including a delay in filing the action.*

We are requested to consider the following issues:

1. Whether the district court abused its discretion by ordering the Days' action dismissed for lack of prosecution under I.R. C.P. 41(b) (a plaintiffs' issue), and

2. Whether the district court erred by not awarding CIBA Geigy attorney fees pursuant to I.C. § 12–120 (a defendant's issue).

I

 A trial court has rule authority to dismiss a case because of a failure to prosecute diligently. I.R.C.P. 41(b) provides in relevant part:

> **Involuntary dismissal—Effect thereof.** For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or any claim against him.

The trial court's exercise of this authority will not be reversed absent demonstration of a manifest abuse of discretion. *Kirkham v. 4.60 Acres of Land,* 100 Idaho 781, 605 P.2d 959 (1980). Since it is a *sanction* rather than a remedy, involuntary dismissal should be used sparingly. *Ellis v. Twin Falls Canal Co.,* 109 Idaho 910, 712 P.2d 611 (1985).

 In its deliberations, the trial court should consider the length of the delay occasioned by the plaintiffs' failure to move the case, any justification for the delay, and the resultant prejudice to the defendant. *Rudy–Mai Farms v. Peterson,* 109 Idaho 116, 705 P.2d 1071 (Ct.App.1985).

Here Judge Hart specifically stated that he found an *unexplained* period of no activity in the case from October 29, 1982 to February 27, 1984, one year and four months which was before his involvement. Judge Hart appended to the findings and conclusions the case's docket sheet. The docket sheet does show no filings between October 29, 1982 and February 27, 1984.

In addition, the trial court made a specific finding that during the passage of six and one-half years, CIBA Geigy had suffered significant prejudice to its ability to present a defense due, in part, to the unavailability of several key defense witnesses. Some had moved out of the jurisdiction beyond the reach of compulsory process. Others had moved to locations unknown to CIBA Geigy. The leading defense expert witness, Robert Conner, had suffered a heart attack and, on medical advice, could not risk the stress of trial participation. Furthermore, the raspberry fields at issue have been out of cultivation for a number of years rendering further field tests difficult if not meaningless.

Counsel for the Days disputed the contention that CIBA Geigy's chief expert could not be replaced with another company employee. However, CIBA Geigy countered stating that it was the combination of Mr. Conner's education and professional background together with his first-hand observation of the Days' raspberry fields, no longer under cultivation, that made him indispensable to the defense. Thus, while the record contains conflicting contentions, there clearly was substantial competent evidence on the issue of prejudice which could be found sufficient to support the trial court's finding.

 The Days point to language in *Grant v. City of Twin Falls,* 113 Idaho 604, 746 P.2d 1063 (Ct.App.1987) (petition for review denied) which they contend mandates a reversal of the trial court. In *Grant* our Court of Appeals stated the following:

> *[W]e conclude in this case that it is an abuse of discretion to use the power of dismissal, not to cull an inactive case from the court's calendar, but to pun-*

*ish a period of delay which no longer exists.*

113 Idaho at 608, 746 P.2d at 1067 (emphasis added). The opinion in *Grant* acknowledged that:

[T]he record does not indicate that dismissal was necessary to protect the court's processes and the defendants from abuse. *The assertions of counsel regarding the presence or absence of prejudice caused by delay were inconclusive.*

113 Idaho at 607, 746 P.2d at 1066 (emphasis added). Thus, the rule of *Grant*, can be stated as follows: It is an abuse of discretion to use the power of dismissal *to punish a* period of *delay* which no longer exists *if* the defendant has not established prejudice resulting from the delay. The rule places key emphasis upon demonstrated prejudice to the defendant's ability to present a defense rather than upon the length of the period of delay *per se.*

██ Here, as discussed above, the trial court's declaration of prejudice appears to be supported by substantial competent evidence, thus distinguishing this case from *Grant.* In addition, the Days produced no explanation for a period of sixteen months total inactivity. Accordingly, we affirm the trial court's action dismissing the case pursuant to I.R.C.P. 41(b).

This case is unlike *Southern Idaho Production Credit Association v. Astorquia,* 113 Idaho 526, 746 P.2d 985 (1987), cited to us by Days' counsel. In *Astorquia,* the trial court applied I.R.C.P. 37(b) in dismissing the defendant's affirmative defenses and counterclaim as a sanction for failure to comply with a discovery order. This Court's holding on appeal was that before ordering dismissal a trial court must consider lesser sanctions, and that if dismissal is still ordered, appropriate findings of fact must be made. *Id.,* 113 Idaho at 531, 746 P.2d at 990.

Unlike I.R.C.P. 37(b), which lists a range of possible sanctions for failure to comply with a discovery order, I.R.C.P. 41(b) provides but the single sanction of involuntary dismissal. There appears to be no range of lesser alternatives for a trial judge to con-

sider. In addition, we are not persuaded that lesser sanctions could remedy the prejudice which this record so amply demonstrates.

As a matter of law, we cannot accept the trial court ruling, that a contributing factor to the delay was the filing of the Days' complaint near the end of the applicable statute of limitations period. Any filing within the statute of limitations is timely and cannot be considered a factor contributing to dilatory prosecution.

## II

CIBA Geigy contends that it was entitled to recover attorney fees as a matter of right pursuant to I.C. § 12–120, which provides in relevant part:

In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

I.C. § 12–120(2) (1979).

Our Court of Appeals has held that to recover attorney fees under the statute, the action must be one to recover on the contract, not merely an action arising from a transaction relating to the purchase or sale of goods. *Chenery v. Agri–Lines Corp.,* 106 Idaho 687, 690, 682 P.2d 640, 643 (1984); *cf., Idah–Best, Inc. v. First Security Bank of Idaho,* 99 Idaho 517, 584 P.2d 1242 (1978) (attorney fees under the statute not awarded when action is not one to recover on a negotiable instrument).

██ In this case, the trial court twice ruled that there was no contract between CIBA Geigy as manufacturer of a product and the Days as purchasers of the product from retailer Steve Regan Co. R., pp. 109, 246. At the time of dismissal, the Days retained causes of action against CIBA Geigy for negligent labeling and breach of express warranty, but no action to recover on a contract. Thus the trial court did not

err by denying CIBA Geigy attorney fees under I.C. § 12–120(2) (1979).

■ CIBA Geigy also requests attorney fees on appeal pursuant to I.C. § 12–121. We decline to make an award, however, because the Days presented an arguable case for reversal based on the language from *Grant v. City of Twin Falls*, 113 Idaho 604, 746 P.2d 1063, *supra* at 1018, 772 P.2d at 225.

In summary, we affirm the trial court's dismissal of the case under I.R.C.P. 41(b) and its denial of attorney fees to CIBA Geigy under I.C. § 12–120(2) (1979). We reverse as a matter of law the trial court's finding that the Days' filing of their complaint toward the end of the statute of limitations period contributed to a delay in prosecution of the case.

No costs awarded; no attorney fees on appeal.

BISTLINE, HUNTLEY and JOHNSON, JJ. concur.

SHEPARD, Chief Justice, concurring specially and dissenting.

I concur in the result obtained by the majority opinion which, as I understand, affirms the trial court's dismissal of the case. As a matter of right I would award costs to CIBA Geigy Corp.

BAKES, Justice, concurring specially:

I concur with the Court's decision which "affirm[s] the trial court's dismissal of the case under I.R.C.P. 41(b) and its denial of attorney fees to CIBA Geigy under I.C. § 12–120(2)." I am not sure what to make of the balance of the Court's opinion which "reverse[s] as a matter of law the trial court's finding that the Day's filing of their complaint toward the end of the statute of limitations period contributed to a delay in prosecution of the case," unless by that part of the opinion the Court is merely indicating its disapproval of that portion of the trial court's analysis.