778 P.2d 737

**SYSTEMS ASSOCIATES, INC., an Idaho Corporation, and Michael D. Dahmer, Plaintiffs–Appellants,**

v.

**MOTOROLA COMMUNICATIONS AND ELECTRONICS, INC., a corporation; Does I to XX, inclusive, Defendant–Respondent.**

No. 17732.

Supreme Court of Idaho.

Aug. 8, 1989.

616

David W. Thompson, Jerome, for plaintiffs-appellants.

Eberle, Berlin, Kading, Turnbow & Gillespie, Boise, and Roger H. Dusberger, Schaumburg, Ill., for respondents. Roger H. Dusberger argued.

HUNTLEY, Justice.

## I.

This case involves the alleged theft of trade secrets which is claimed to have arisen out of dealings between the parties in 1979 relating to the sale of communications equipment to the Sun Valley, Idaho Police Department. Appellants allege this theft took place while Motorola Communication and Electronics, Inc., ("Motorola") worked with Appellants in regard to the functioning of Motorola's equipment. The Complaint alleges that Motorola "took Plaintiff's [sic] trade secret design concepts * * * on or about March, 1981." Appellants delayed serving Motorola with their Summons and Complaint until 364 days later, on September 22, 1986, despite the fact that their Complaint sought injunctive relief.

The applicability of the doctrine of res judicata and the question of abuse of discretion in applying I.R.C.P. 41(b) to dismiss the cause for failure to timely prosecute are presented on this appeal. Both parties seek attorney fees on appeal.

## II.

On September 3, 1985, Appellants filed their Complaint against Motorola. On September 2, 1986, 364 days later, Appellants served Motorola with Summons and Complaint. On or about September 23, 1986, Motorola filed its Petition for Removal to federal court. Appellants filed nothing in response and the case was removed.

On February 24, 1988, the United States District Court for the District of Idaho issued, on its own motion, a Notice to Show Cause why the case should not be dismissed for want of prosecution pursuant to Local Rule 2-127 of that Court. During the time the case was pending in the federal court, (seventeen months) the Appellants had done nothing to prosecute their case. No pleadings or motions had been filed nor had any discovery been initiated by Appellants. Motorola filed a brief in support of dismissal and on March 24, 1988, Appellants filed their formal response opposing dismissal. That same day, all of Appellants' original counsel, consisting of the three attorneys from three separate firms, withdrew from the case by substitution of Appellants' current counsel. On March 30, 1988, the federal court issued its order declining to dismiss the case and retained it on its active docket.

On April 21, 1988, the case was remanded to the State District Court pursuant to *Hise. v. Garlock, Inc.*, 841 F.2d 342 (9th Cir.1988), a then recent opinion by the United States Court of Appeals for the Ninth Circuit on the subject of diversity jurisdiction in an unrelated case (discussed *infra*).

On May 25, 1988, Appellants served their first discovery on Motorola, a set of interrogatories which were subsequently stricken by the court. This case was pending at the trial level for nearly three years (over 32 months or 995 days) before Appellants took any action in May 1988, to prosecute their claims.

In addition, on June 9, 1988, the Appellants filed a Motion for Leave to File Amended Complaint. That motion sought to add four new causes of action, which had never been previously raised. Motorola argued that not only were the new causes of action barred by the statute of limitations, but so too was the cause of action alleged in the original Complaint. The court never ruled on the Appellants' Motion to Amend and Motorola was never required to move to dismiss the action based upon the statute of limitation since Motorola appropriately first filed its Motion

to Dismiss for lack of prosecution and on August 15, 1988, the court issued its Opinion and Order granting that Motion and dismissing the case with prejudice.

Appellants claim that the trial court's decision to dismiss this cause for failure to timely prosecute was in error because: (1) the trial court's disposition of the motion should have been precluded by operation of the doctrine of res judicata;[1] and, (2) the trial court abused its discretion by failing to correctly apply the factors relevant in ruling on a motion to dismiss for failure to timely prosecute.

### III.

### Res Judicata

The res judicata argument is based on the idea that the federal court's consideration of its *sua sponte* motion to dismiss for want of prosecution and subsequent retention order is entitled to full faith and credit in the state court proceedings and, thus, the motion to dismiss for failure to timely prosecute herein addressed should have been barred from consideration by the doctrine of res judicata.

[1–3] The doctrine of res judicata does not preclude the state trial court's dismissal for want of timely prosecution because there was no final judgment and because the federal court lacked subject matter jurisdiction.

The doctrine of res judicata generally prevents re-litigation of matters which have proceeded to a final conclusion between parties to litigation or their privies. *Andre v. Morrow*, 106 Idaho 455, 458, 680 P.2d 1355 (1984). One of the more important requirements of the doctrine is that res judicata only applies to final judgments on the merits. E.g., *Busick v. Workmen's Compensation Appeals Board*, 7 Cal.3d 967, 104 Cal.Rptr. 42, 500 P.2d 1386 (1972); *Reed v. Frey*, 10 Ariz.App. 292, 458 P.2d 386 (1969); and Restatement 2d, Judgments § 13. Implicit in such a requirement is that an interlocutory order, such as the denial of a motion to dismiss for lack of prosecution, is not a final order for purposes of res judicata. E.g., *Diaz v. Indian Head, Inc.*, 686 F.2d 558 (7th Cir.1982) (denial of motion to dismiss); *Horner v. Ferron*, 362 F.2d 224 (9th Cir.1966) cert. denied, 385 U.S. 958, 87 S.Ct. 397, 17 L.Ed.2d 305 (1966) (denial of motion to amend complaint); *United States v. Stonehill*, 420 F.Supp. 46 (C.D.Ca.1976) (denial of motion to suppress); and *Martin v. Indiana Bell Telephone Co., Inc.*, 415 N.E.2d 759 (Ind. App.1981) (denial of motion for summary judgment). Here, the federal district court's decision to retain the case on its docket was an interlocutory order. Accordingly, the retention order did not have any res judicata effect since it did not possess the requisite element of finality.

Second, as recognized by the state trial court, the federal district court's decision to retain the case on its calendar cannot have a res judicata effect since the federal district court, when it entered that order, was without subject matter jurisdiction over the case. As this Court has recognized, one of the necessary prerequisites to granting full faith and credit, is that the rendering court must have had valid jurisdiction. *Andre v. Morrow*, 106 Idaho at 459, 680 P.2d 1355.

The Ninth Circuit Court of Appeals in *Bryant v. Ford Motor Co.*, 832 F.2d 1080 (9th Cir.1987), decided that the inclusion of "John Doe" defendants in a suit removed from state court defeats diversity jurisdiction. The *Bryant* case was in reference to Doe pleading practice under California law. On March 10, 1988, the Ninth Circuit Court of Appeals rendered its decision in *Hise v. Garlock*, 841 F.2d 342 (9th Cir.1988), which held that *Bryant* applied with equal force to Doe pleading under Idaho law. The Ninth Circuit stated:

> The presence of Doe defendants in this case destroys diversity, and thus federal

---

1. Appellants also stated that "[i]n relation to the doctrine of Collateral Estoppel the same arguments would apply and again the holding of the federal district court should have been binding upon the Idaho State Court." However, since appellants provide no analysis for this naked conclusion we dismiss the argument as makeweight and refrain from discussion of its inapplicability.

jurisdiction. These cases are remanded to the district court. The district court is ordered to vacate its judgment and award of attorneys fees, and remand the case to the Idaho state court in which it originated.

841 F.2d at 344. In *Bryant* 832 F.2d at 1080, the court stated:

We conclude that the district court *lacked jurisdiction* over this action because of the presence of Doe defendants *at the time of removal from state court.* (Emphasis added).

The trial court correctly decided that the federal district court, as a result of the March 10, 1988 decision in *Hise v. Garlock, Inc.*, 841 F.2d 342 (9th Cir.1988), did not have jurisdiction over the case when it rendered its retention order on March 30, 1988. The federal district court did not have any jurisdiction to enter its March 30, 1988 retention order because it was declared to be without jurisdiction by the Ninth Circuit on March 10, 1988. Therefore, the federal district court's order retaining the case on its active calendar was void.

### IV.

### Aboise of Discretion

We issued a per curiam opinion in *Day v. CIBA Geigy Corporation,* 115 Idaho 1015, 772 P.2d 222 (1989) on April 17, 1989, which reviewed the law applicable to this issue in detail. We note that the trial court operated without benefit of this decision when it made its ruling on August 15, 1988, out *Day* discussion of the law reading in part:

A trial court has rule authority to dismiss a case because of a failure to prosecute diligently. I.R.C.P. 41(b) provides in relevant part:

**Involuntary dismissal—Effect thereof.** For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or any claim against him.

The trial court's exercise of this authority will not be reversed absent demonstration of a manifest abuse of discretion. *Kirkham v. 4.60 Acres of Land,* 100 Idaho 781,

605 P.2d 959 (1980). Since it is a *sanction* rather than a remedy, involuntary dismissal should be used sparingly. *Ellis v. Twin Falls Canal Co.,* 109 Idaho 910, 712 P.2d 611 (1985).

In its deliberations, the trial court should consider the length of the delay occasioned by the plaintiffs' failure to move the case, any justification for the delay, and the resultant prejudice to the defendant. *Rudy–Mai Farms v. Peterson,* 109 Idaho 116, 705 P.2d 1071 (Ct.App.1985).

. . . .

In *Grant [v. City of Twin Falls,* 113 Idaho 604, 746 P.2d 1063 (Ct.App.1987) (petition for review denied)] our Court of Appeals stated the following:

*[W]e conclude in this case that it is an abuse of discretion to use the power of dismissal, not to cull an inactive case from the court's calendar, but to punish a period of delay which no longer exists.*

113 Idaho at 608, 746 P.2d at 1067 (emphasis added). The opinion in *Grant* acknowledged that:

[T]he record does not indicate that dismissal was necessary to protect the court's processes and the defendants from abuse. *The assertions of counsel regarding the presence or absence of prejudice caused by delay were inconclusive.*

113 Idaho at 607, 746 P.2d at 1066 (emphasis added). Thus, the rule of *Grant,* can be stated as follows: It is an abuse of discretion to use the power of dismissal *to punish* a period of *delay* which no longer exists *if* the defendant has not established prejudice resulting from the delay. The rule places key emphasis upon demonstrated prejudice to the defendant's ability to present a defense rather than upon the length of the period of delay *per se.*

*Day v. CIBA Geigy Corp.*, 115 Idaho 1015, 772 P.2d 222, 224–225 (1989). (Citation added, emphasis in original).

In the instant case, the trial court acknowledged that, as in *Grant,* activity in

the case had been resumed prior to Motorola's filing its motion to dismiss:

> *Grant* is distinguishable from the case at bar by the fact that when the defendants in *Grant* filed the renewed motion for dismissal, the case had been active for five months. In this case, no more than 30 days of activity had passed before the defendant filed its Motion to Dismiss.

Opinion and Order at 9. This is an insufficient basis for distinction as the *Grant* court was influenced by the fact rather than the duration of the revival of activity.

> In our view, the present case does not fit the mold of prior cases where Rule 41(b) dismissals have been upheld. The rule has not been used to dismiss cases that were active when dismissal was sought.

113 Idaho at 608, 746 P.2d at 1067.

Thus, given the fact of revived activity, we must address whether the trial court abused its discretion by granting dismissal without requiring the defendant to establish prejudice resulting from the delay. The trial court noted that prejudice may be presumed to flow from "unexcused and unreasonable delay" citing *Nagel v. Wagers*, 111 Idaho 822, 727 P.2d 1250 (Ct.App. 1986) and *Rudy–Mai v. Peterson*, 109 Idaho 116, 705 P.2d 1071 (Ct.App.1985). Although recognizing that plaintiffs argued that the defendants had not established the delay as being either unexcused or unreasonable, the trial court found:

> [T]his argument to be without merit for the following reason. I.R.C.P. 41(b) is identical to the Federal Rule of Civil Procedure 41(b). The federal courts have indicated that even without a showing of actual prejudice, " '[p]rejudice to defendants resulting from unreasonable delay may be presumed,' and that there is no hard and fast requirement that the party aggrieved by such unreasonable delay always present specific evidence of the exact nature of the prejudice." *Shea v. Donohoe Const. Co., Inc.*, 795 F.2d 1071 (D.C.Cir.1986). Under *Shea*, a defendant need not show specific evidence of prejudice.

Again, we note that the trial court disposed of this motion without benefit of the *Day* decision. In light of *Day*, we conclude that the reliance on federal authority interpreting the inapplicable federal rule was in error and lead to an erroneous statement of Idaho law. Again, the correct statement of Idaho law is that "[i]t is an abuse of discretion to use the power of dismissal *to punish a* period of *delay* which no longer exists *if* the defendant has not established prejudice resulting from the delay." *Day*, 115 Idaho at 1018, 772 P.2d at 225.

The trial court also stated that "[d]espite this fact, the court finds that the defendant in this case has shown actual prejudice." *Id.* at 8. In supporting this conclusion, the trial court recites general propositions about the deleterious effect of the passage of time on the memories of witnesses and the ability to satisfactorily prepare and put on a case. Importantly, however, the trial court failed to show how any of these general concerns had become manifest in terms of definitive prejudice to Motorola in this case.

The trial court articulated its reasoning as follows:

> In the case at bar, the defendant demonstrated in its memorandum in support of the Motion to Dismiss that the plaintiff Dahmer could no longer remember crucial events at his deposition on January 27, 1988. The fact that Mr. Dahmer is virtually the only party plaintiff, and the only employee of the corporate plaintiff, the defendant has been prejudiced because of Dahmer's recollections about conversations and conduct is "very important" to the case. Prejudice is also demonstrated by the defendant's unrefuted statements that key witnesses have been reassigned or have left the corporation, and that memories have dimmed.

*Id.* at 8. This analysis patently disregarded plaintiff's argument that Motorola has continually maintained possession of all pertinent files since it first learned of the suit and that it still has all of that information on file so that it is in the same position now as it was two months after being served with the summons. Mere change in circumstances is not enough to constitute

prejudice. If it were, the requirement would be meaningless. There was no showing that any key witness had become necessarily unavailable. Nor was there any other showing that Motorola was prejudiced. Regarding plaintiff-appellant Dahmer's memory, appellants assert that since the claim that Dahmer's memory faded is untrue, it cannot constitute prejudice. The record supports appellants' argument that the claim of failed memory related solely to deposition testimony related to a situation which is agreed never to have occurred.[2] Failure to recall something that never happened is not an example of a prejudicing factor. Thus, the trial court's conclusion that Motorola had shown actual prejudice was not supported by substantial competent evidence and was in error. *See Grant,* 113 Idaho at 607, 746 P.2d at 1066 and *Day,* 115 Idaho at 1017–1018, 772 P.2d at 224–225.

Accordingly, we reverse the district court's order dismissing this case for failure to prosecute and remand the case for reinstatement on the active calendar. No attorney fees awarded on appeal, costs to appellant.

BISTLINE and JOHNSON, JJ., concur.

SHEPARD, J., sat but did not participate due to his untimely death.

BAKES, Chief Justice, dissenting:

The majority opinion incorrectly analyzes the abuse of discretion issue by applying the wrong standard. The issue is presented as a "question of abuse of discretion in applying I.R.C.P. 41(b) to dismiss the cause for failure to timely prosecute...." (Op. at 616, 778 P.2d at 738.) Ultimately the majority rules that "the trial court's conclusion that Motorola had shown actual prejudice was not supported by *substantial competent evidence* and was in error." (Op. at 620, 778 P.2d at 742, emphasis added.) The correct standard of review of the trial court's I.R.C.P. 41(b) order to dismiss is not whether the trial court's ruling is supported by substantial competent evidence, although it is, contrary to the Court's opinion. Rather, it is whether the trial court has manifestly abused its discretion. *Bartlett v. Peak,* 107 Idaho 284, 688 P.2d 1189 (1984).

I.R.C.P. 41(b) provides in pertinent part: "For failure of the appellant to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." Hence, the court has the power to dismiss for failure to prosecute, and the standard of review for the district court's determination to dismiss is "manifest abuse of discretion." *Kirkham v. 4.60 Acres of Land,* 100 Idaho 781, 605 P.2d 959 (1980).

---

**2.** The finding that appellant Dahmer lost the memory of certain key events was based upon Motorola's reference to a portion of Mr. Dahmer's deposition. That portion of the deposition deals with Mr. Dahmer's work with a Motorola employee named Gerhardt. The key questions and answers cited by Motorola are as follows:

> Q. Now, in the course of your discussions with Mike Gerhardt and the thousands of hours you spent with him, you never told him any of the things you were doing *to this Motorola equipment* was confidential or secret, did you? (Emphasis added).
> A. I don't recall if we ever had that conversation, no.
> Q. In fact, you never told him that, did you?
> A. I don't recall.

The importance of this statement is that the work being done on the Motorola equipment was an attempt to make the Motorola equipment conform to Motorola's own published specifications. Appellants claim that Mr. Gerhardt never helped Mr. Dahmer work on the equipment involving the appellants trade secrets. The very next question and answer in that sequence belies the claim regarding the alleged lapse of Mr. Dahmer's memory.

> Q. Now you never told any one else at Motorola that the things you were doing to the Motorola equipment was confidential or secret, did you?
> A. Well, no because the things we were doing to the Motorola equipment was for the performance of Motorola equipment to their published specifications. It had nothing to do with our trade secrets which we felt were still intact.

This indicates there would have been no reason for Mr. Dahmer to tell Mr. Gerhardt that trade secrets were involved in the work being done and thus no reasonable indication of a failure to remember or a lapse of memory on the part of Mr. Dahmer is actually presented.

*Bartlett v. Peak,* 107 Idaho at 285, 688 P.2d at 1190.

"When an exercise of discretion is reviewed on appeal, the appellate court conducts a multi-tiered inquiry. The sequence of the inquiry is (1) whether the lower court rightly perceived the issue as one of discretion; (2) whether the court acted within the outer boundaries of such discretion and consistently with any legal standards applicable to specific choices; and (3) whether the court reached its decision by an exercise of reason." *State v. Hedger,* 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989); *Associates Northwest, Inc. v. Beets,* 112 Idaho 603, 605, 733 P.2d 824, 826 (Ct.App.1987). Here, the trial court recognized it was being called on to make a discretionary ruling. The trial court also recognized that absent actual prejudice to defendant, mere delay was insufficient grounds upon which to grant defendant's I.R.C.P. 41(b) dismissal motion. *See Day v. CIBA Geigy Corp.,* 115 Idaho 1015, 772 P.2d 222 (1989). However, the trial court found "that defendant in this case has shown actual prejudice." Pursuant to the *Hedger* abuse of discretion analysis, the issue is whether the trial court's finding was "reached by an exercise of reason." Our prior cases do not support this Court's remeasuring the substantiality of the evidence.

As a factual basis for its ruling, the trial court cited the uncontradicted deposition of plaintiff Dahmer in which he stated that he did not recall previous conversations which the trial court described as "very important" to the case. Also, the trial court reasoned, "Prejudice is also demonstrated by the defendant's unrefuted statements that key witnesses had been reassigned or have left the corporation, and that memories have dimmed." "[E]vidence, uncontradicted, must be accepted as true." *Swanson v. State,* 114 Idaho 607, 609, 759 P.2d 898, 900 (1988); *see also Dinneen v. Finch,* 100 Idaho 620, 603 P.2d 575 (1979); *Pierstorff v. Gray's Auto Shop,* 58 Idaho 438, 74 P.2d 171 (1937). An adjudicatory body may not "arbitrarily or capriciously disregard the testimony of a witness unimpeached by any of the modes known to the law, if such testimony does not exceed probability." *Pierstorff v. Gray's Auto Shop,* 58 Idaho 438, 447–448, 74 P.2d 171, 175 (1937). The trial court was bound to "accept as true the positive uncontradicted testimony of a credible witness, unless his testimony is inherently improbable, or rendered so by facts and circumstances disclosed at the hearing or trial." *Id.* Here, the trial court, as the finder of fact, accepted the truth of the unrefuted statements by Dahmer and defendants. Now this Court faults the trial court for doing what our prior cases say he must do. *Swanson v. State,* 114 Idaho 607, 759 P.2d 898 (1988); *Pierstorff v. Gray's Auto Shop,* 58 Idaho 438, 74 P.2d 171 (1937).

The majority opinion rejects the trial court's analysis for two reasons. First, the majority opinion recharacterizes Dahmer's deposition testimony, stating, "Failure to recall something that *never happened* is not an example of a prejudicing factor." (Op. at 619–620, 778 P.2d at 741–42.) However, just because Dahmer testified at one point in his deposition that he did not tell "anyone else at Motorola that the things [he was] doing to the Motorola equipment [were] confidential or secret," does not negate the fact that twice during his deposition Dahmer said he did not recall if he told Mike Gerhardt that "any of the things [he was] doing to the Motorola equipment [were] confidential or secret." It is for the trial courts to resolve such conflicts. The majority's second rationale for rejecting the trial court's reasoning is because the lower court "patently disregarded plaintiff's argument that Motorola has continually maintained possession of all pertinent files since it first learned of the suit and that it still has all of that information on file so that it is in the same position now as it was two months after being served with the summons." (Op. at 620, 778 P.2d at 742.) Even if plaintiff's argument was supported by facts in the record, the majority wrongly concludes that just because Motorola possesses "pertinent files," it is not prejudiced by its inability to present witnesses or Dahmer's inability to recollect. The majority draws

its own factual inferences from the record, essentially discarding the uncontradicted facts relied on by the trial court. Ignoring the applicable standard of appellate review, *i.e.,* "manifest abuse of discretion," the majority then refinds the facts to suit its own point of view.

The majority fails to inquire whether the trial court's ruling was "reached by exercise of reason." Contrary to the majority's erroneous conclusion that the trial court's ruling was "not supported by substantial competent evidence," the ruling was *"reached by exercise of reason"* applied to evidence which stands unrefuted in the record. The trial court accepted the evidence presented by defendant, *i.e.,* Dahmer's inability to recollect and the unavailability of Motorola's key witnesses, and properly disregarded plaintiff's "argument" (not evidence) that Motorola was not prejudiced because it still had its "pertinent files." The trial court heard the evidence, believed it, and made a ruling based on it. Accordingly, the trial court did not "manifestly abuse its discretion" when it dismissed plaintiff's cause for failure to timely prosecute. The trial court's ruling should be affirmed.